ANTHONY ELIO, trustee,[1] *vs.* ZONING BOARD OF APPEALS OF
BARNSTABLE & another[2] (and a companion case[3]).

No. 00-P-1860.

Suffolk. May 14, 2002. - July 11, 2002.

Present: CYPHER, MASON, & KAFKER, JJ.

*Zoning,* Board of appeals: jurisdiction, Appeal to board of appeals, Building
inspector, Enforcement.

A Land Court judge properly granted summary judgment annulling for lack of
jurisdiction the decision of a town's zoning board of appeals ordering the
revocation of a building permit, where the individual aggrieved by the
decision of the town's building commissioner did not file an appeal from
the issuance of the building permit until after the thirty-day appeal period
established by G. L. c. 40A, § 15, had elapsed, nor did she make any writ-
ten request to the building commissioner for enforcement of the town's
zoning ordinance. [426-429]

A Land Court judge properly granted summary judgment annulling for lack of
jurisdiction the decision of a town's zoning board of appeals ordering
enforcement of the town's zoning ordinance with respect to renovations to
a building located in the town, where the town's building commissioner
failed to provide any written response to an individual's request for
enforcement of the zoning ordinance, with the result that there was no ap-
pealable decision as contemplated by G. L. c. 40A, § 8. [429-432]

CIVIL ACTIONS commenced in the Land Court Department on
June 18, 1999.

The cases were heard by *Leon J. Lombardi*, J., on motions
for summary judgment.

*Ruth J. Weil*, First Assistant Town Attorney, for Zoning Board
of Appeals of Barnstable.

*Jeffrey P. Allen* for Anthony Elio.

---

[1]Of Osterville Village Realty Trust.

[2]Mary M. Crowley.

[3]Anthony Elio, trustee, *vs.* Zoning Board of Appeals of Barnstable &
another.

MASON, J. The defendants, the zoning board of appeals of the town of Barnstable (board), Mary M. Crowley, and Elisabeth Eaton Clark, appeal from a Land Court judge's grant of summary judgment annulling for lack of jurisdiction two separate decisions of the board. The first decision, on an appeal by Crowley, had ordered revocation of a building permit authorizing the plaintiff, Anthony Elio, acting as trustee of the Osterville Village Realty Trust (trust), to make certain renovations to a building he owned in Barnstable. The second decision had granted a separate request by Clark for enforcement of the zoning ordinance with respect to the renovations.

The judge ruled that the board lacked jurisdiction over the Crowley appeal because she had not filed the appeal within thirty days of the issuance of the building permit, as required by G. L. c. 40A, § 15. The judge further ruled that the board lacked jurisdiction over the Clark appeal because the building commissioner had not made any written response denying her enforcement request, as required by G. L. c. 40A, § 7. We agree with both these rulings and therefore affirm the judgment.

*Background.* On November 4, 1998, the Barnstable building commissioner (commissioner) issued a permit authorizing certain renovations to a building owned by the plaintiff and located on Main Street in Barnstable. During the course of work under the permit, however, the commissioner received a complaint that the renovations underway exceeded the work authorized under the permit. The commissioner and the plaintiff agreed to an amendment of the permit in January of 1999. Rather than satisfying the complaining neighbors, however, the amendment prompted further complaints that the proposed work violated the Barnstable zoning ordinance (ordinance). The commissioner issued a stop work order pending his investigation of the complaints, but the commissioner "reinstated" the permit[4] by letter to the plaintiff dated January 19, 1999. More complaints from abutting landowners followed: by letter dated January 21, 1999, the defendant Clark complained to the commissioner that she believed the proposed construction did not conform to the ordinance, and an attorney for the defendant Crowley sent a letter, dated January 25, 1999, stating that the

[4]A more precise description would be that he revoked the stop work order.

plans on file at the commissioner's office were "inaccurate and incorrect," and requesting that the building permit "be terminated until true, accurate and complete plans are submitted . . . ."

The commissioner met with Clark, and advised her that she should file an appeal with the board if she disagreed with his decision to reinstate the permit. The commissioner then assisted Clark in completing the appeal application form. Clark filed the completed form (which described her appeal as an "enforcement action," based on her charge that "current construction is in violation of parking and story requirements") with the board on January 26, 1999.

On February 17, 1999, an attorney representing Crowley filed an appeal with the board. Crowley's appeal sought "Revocation of Building Permit #34521"; "complience [*sic*] w/MGL Chapt 148 Sec 38A & CMR 9.00"; and "complience [*sic*] w/MGL Chapt 21E 310 CMR 40.000."[5]

The board convened a hearing on both the Clark and Crowley applications on March 24, 1999, and continued the hearing on two successive occasions. The plaintiff challenged both appeals on the same jurisdictional grounds asserted here, but the board rejected the plaintiff's jurisdictional challenges and issued separate decisions revoking the permit and directing the commissioner to enforce the ordinance. The plaintiff appealed the board's decisions to the Land Court in two separate actions, which were treated together in the grant of summary judgment described above.

*Discussion.* We review the judge's award of summary judgment to determine whether he correctly decided that, "viewing the evidence in the light most favorable to the nonmoving party, all material facts [had] been established and the moving party [was] entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991).

1. *Annulment of the Crowley decision.* As G. L. c. 40A, § 8, inserted by St. 1975, c. 808, § 3, provides,

---

[5]The record does not indicate the basis on which Crowley sought enforcement of G. L. c. 21E, which deals with hazardous waste, under the zoning ordinance.

> "An appeal to the permit granting authority as the zoning ordinance or by-law may provide, may be taken by . . . any person . . . aggrieved by an order or decision of the inspector of buildings, or other administrative official, in violation of any provision of this chapter or any ordinance or by-law adopted thereunder."

This section permits appeals from the issuance of a building permit. See *Lanner* v. *Board of Appeal of Tewksbury*, 348 Mass. 220, 221-223 (1964) (construing similar language contained in prior version of G. L. c. 40A). See also *Neuhaus* v. *Building Inspector of Marlborough*, 11 Mass. App. Ct. 230, 232-233 (1981). However, § 15 of c. 40A provides that "[a]ny appeal under section eight to a permit granting authority shall be taken within thirty days from the date of the order or decision which is being appealed." Any appeal from the issuance of a building permit therefore must be brought within thirty days of the date of such issuance. See *Kolodny* v. *Board of Appeals of Brookline*, 346 Mass. 285, 288 (1963); *Greeley* v. *Zoning Bd. of Appeals of Framingham*, 350 Mass. 549, 552 (1966).

In addition to the foregoing right of direct appeal from a building permit or other order of an officer charged with enforcement of a zoning ordinance, the statute provides that, irrespective of the existence of any such permit or order, a person may make a written request to the officer to enforce the zoning ordinance and then, if that request is denied in writing, may appeal the denial to the board within the time prescribed by § 15. See G. L. c. 40A, §§ 7, 8. More specifically, § 7 provides that an appropriate officer or board "shall be charged with the enforcement of the zoning ordinance or by-law and shall withhold a permit for the . . . alteration . . . of any building . . . if the building . . . as . . . altered . . . would be in violation of any zoning ordinance or by-law." Section 7, as amended by St. 1986, c. 557, § 55, further provides that

> "If the officer or board charged with enforcement of zoning ordinances or by-laws is requested in writing to enforce such ordinances or by-laws against any person allegedly in violation of the same and such officer or board declines to act, he shall notify, in writing, the party requesting such enforcement of any action or refusal to act, and the reasons therefor, within fourteen days of receipt of such request."

Section 8, in turn, provides that an appeal to the permit grant-ing authority may be taken "by any person aggrieved by reason of his inability to obtain a permit *or enforcement action . . ."* (emphasis added).

As the court recognized in *Brady* v. *Board of Appeals of Westport*, 348 Mass. 515, 519-520 (1965), such an alternative remedy is necessary because persons aggrieved by the issuance of a building permit or other order may not even know of the permit or order until the appeal period has expired.[6] This is because no notice of the permit or order to interested third persons is required.

In the present case, Crowley did not appeal from the com-missioner's issuance of the building permit until after the thirty-day appeal period had expired. Nor did she make any written request to the commissioner for enforcement of the zoning ordinance. To the contrary, in her letter to the commissioner dated January 25, 1999, Crowley complained only that the plans pertaining to the renovations that were on file at the commis-sioner's office were "inaccurate and incorrect." She did not al-lege that the renovations themselves failed to comply with any provision of the zoning ordinance or request enforcement of any such provision.

The defendants nevertheless contend that the board had jurisdiction over Crowley's appeal because Crowley in fact was appealing from the commissioner's reinstatement of the build-ing permit on January 19, 1999, rather than the commissioner's earlier grant of the permit on November 4, 1998, and hence, the appeal was timely because it was filed with the board on Febru-ary 17, 1999, which was within thirty days of January 19. The defendants point particularly to the fact that, whereas the com-missioner stated at the time he was reinstating the permit that "I have determined that you have a grandfathered right to one apartment" and also placed certain conditions on the use of an access to the building's attic and dormer, Crowley's appeal stated that the permit should be revoked because there was no

---

[6]Prior to enactment of the new Zoning Act in 1975, mandamus was the alternative remedy available to enforce the zoning regulations. See *Brady* v. *Board of Appeals of Westport*, 348 Mass. at 520. See also Bobrowski, Mas-sachusetts Land Use & Planning Law § 7.2, at 264 (1993).

prior use of the building as an apartment and the building's configuration failed to comply with other provisions of the zoning ordinance.

In fact, Crowley's appeal stated in its main body that Crowley was seeking repeal of "Building Permit # 34521," which was the original permit issued to the plaintiff. The attachment to Crowley's application further stated that Crowley was asking the board to "[r]evoke Building Permit # 34521 dated 11-4-98." The appeal nowhere stated that it was asking the board to revoke the commissioner's reinstatement letter of January 19, 1999, rather than the original permit. We therefore agree with the judge that Crowley's appeal was from the initial grant of the permit on November 4, 1998, rather than from the reinstatement of the permit on January 19, 1999. See and compare *DiGiovanni* v. *Board of Appeals of Rockport,* 19 Mass. App. Ct. 339, 345 (1985) ("boards cannot grant unrequested relief").

We accordingly conclude that the judge properly annulled the Crowley decision because the appeal was not brought within the thirty-day period mandated by G. L. c. 40A, § 15.

2. *Annulment of the Clark decision.* As set forth above, G. L. c. 40A, § 7, provides that if the officer charged with enforcing the zoning ordinance or by-law declines to act on an enforcement request, he shall "notify, *in writing,* the party requesting such enforcement of any action or refusal to act, and the reasons therefor, within fourteen days of receipt of such request" (emphasis added). In *Vokes* v. *Avery W. Lovell, Inc.,* 18 Mass. App. Ct. 471, 475-480 (1984), this court held that, under § 7, a written decision from a building inspector was the operative event for purposes of an aggrieved person's right of appeal and, hence, those rights would not expire until thirty days after the inspector had rendered such a written decision even when the inspector did not in fact do so until after the fourteen-day response period set forth in § 7 had expired.

In reaching this result in *Vokes,* we noted that "[s]ection 7 is unambiguous in requiring a response 'in writing' with 'the reasons therefor' when a building inspector 'declines to act' on a request for enforcement." *Id.* at 477. We further noted that there was no indication in either § 7 or § 8 that "a building inspector's failure to respond within fourteen days to an enforce-

ment request is to be deemed a constructive denial of the request for purposes of setting in motion the thirty-day appeal period provided by § 15." *Id.* at 477-478. We then stated the following:

> "In some cases . . . a building inspector may not be able to act on a request within fourteen days for legitimate reasons, such as (for example) the inspector's need to obtain further information from the complaining parties to clarify the nature of the complaint or his need to consult with other municipal boards or officers having an interest in the matter. In our view, the fourteen day requirement in § 7 'relates only to the time of performance of a duty by a public officer and does not go to the essence of the thing to be done'; therefore it is directory and not mandatory. We conclude that the date on which a zoning enforcement officer responds in writing to a § 7 request for enforcement creates the appealable decision contemplated by § 8 and becomes the date for measuring the thirty-day appeal period set forth in § 15."

*Id.* at 479. (Citations and footnotes omitted.)

In the present case, the commissioner did not provide any written denial of Clark's enforcement request, stating the reasons for such denial. Rather, he merely advised Clark to pursue an appeal and helped her fill out a form purporting to do so. There was therefore no appealable decision as contemplated by § 8.

Nevertheless, citing *Hogan* v. *Hayes*, 19 Mass. App. Ct. 399, 402-403 (1985), and *Worcester County Christian Communications, Inc.* v. *Board of Appeals of Spencer*, 22 Mass. App. Ct. 83, 84-86 (1986), the defendants contend that the absence of a written denial of Clark's enforcement request should have been excused in this case because the commissioner submitted an affidavit in which he stated that he believed that his letter of January 19, 1999, constituted a written denial of the neighbors' enforcement requests, and because the plaintiff failed to show that he had suffered any prejudice from the commissioner's failure to provide any other writing. As the judge explicitly recognized, however, the commissioner's letter of January 19, 1999, was written before Clark's January 26, 1999, written

enforcement request, not after she had made such a request. The January 19, 1999, letter therefore could not have constituted a written denial of Clark's enforcement request.

Moreover, we did not hold in either of the decisions cited by the defendants that a building commissioner or a board could render inapplicable the plain requirements of § 7 merely by misconstruing them in the manner occurring in this case. Rather, we held only that the absence of a written response from the building inspector was a defect that could be waived if it was not timely raised or objected to. See *Hogan* v. *Hayes, supra* at 402-403; *Worcester County Christian Communications, Inc.* v. *Board of Appeals of Spencer, supra* at 85-86. Here, however, counsel for the plaintiff did assert before the board in a timely manner that there was no case properly before the board due to the commissioner's failure to render any written decision denying any written enforcement request. There was therefore no waiver of the § 7 requirements.

In view of these circumstances, we could not hold that the board had power to entertain the Clark appeal without ignoring the plain requirements of § 7. We have no power to reach such a result even if we were inclined to do so. See *ROPT Ltd. Partnership* v. *Katin,* 431 Mass. 601, 603 (2000) (court cannot ignore statute's plain words).

In fact, unlike its predecessor, G. L. c. 40A, as amended by the Zoning Act of 1975, St. 1975, c. 808, § 3, is a "comprehensive statutory scheme."[7] *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket,* 5 Mass. App. Ct. 206, 208-209 (1977) (construing Subdivision Control Law, G. L. c. 41, §§ 81K et seq.), and cases cited. Section 7 sets up a simple administrative procedure whereby a person seeking enforcement of a local zoning ordinance or by-law against any other person allegedly violating the ordinance or by-law can make a request in writing for such enforcement to the building commissioner or other local official charged with enforcement of the ordinance or by-law, and ordinarily will receive a written response to such

[7]We have previously observed the importance of adhering strictly to the framework established by such a comprehensive scheme. See, e.g., *Cassani* v. *Planning Bd. of Hull,* 1 Mass. App. Ct. 451, 457 (1973); *Bingham* v. *City Council of Fitchburg,* 52 Mass. App. Ct. 566, 571 (2001).

request, with a statement of reasons for the response, within fourteen days. Sections 8 and 15 further provide that, if the enforcement request is denied, any person aggrieved by the denial may appeal to the local permit granting authority, so long as they do so within thirty days from the date of such written denial. We think that it would interfere with the effectiveness of this procedure, and encourage precisely the type of litigation which the procedure was designed to replace, if we were to ignore the written decision requirement even under the circumstances presented here. See *Vokes* v. *Avery W. Lovell, Inc.*, 18 Mass. App. Ct. at 478 & n.10.

We therefore conclude that the judge properly annulled the Clark decision due to the commissioner's failure to provide any written response to Clark's enforcement request. In reaching this result, we recognize that Clark is being penalized for having relied on the commissioner's advice to proceed with her appeal even though he had failed to provide any such written response to Clark's enforcement request. We have previously noted, however, that "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law." *Stadium Manor, Inc.* v. *Division of Administrative Law Appeals*, 23 Mass. App. Ct. 958, 962 (1987), quoting from *Heckler* v. *Community Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63 (1984). See *Ferrante* v. *Board of Appeals of Northampton*, 345 Mass. 158, 163 (1962), quoting from *V. F. Zahodiakin Engr. Corp.* v. *Zoning Bd. of Adjustment of Summit*, 8 N.J. 386, 396 (1952) ("The plaintiff landowner is presumed to have known of the invalidity . . . and to have acted at his peril"). We also note, as did the Land Court judge, that Clark (or Crowley) can still file an entirely new request for enforcement with the commissioner should she choose to do so, and thereafter obtain any relief to which she is entitled under the zoning ordinance with respect to the plaintiff's building. See G. L. c. 40A, § 7.

*Judgments affirmed.*