CUMBERLAND FARMS, INC. *vs.* PLANNING BOARD OF BOURNE.

No. 05-P-1230.

Barnstable. May 17, 2006. - August 8, 2006.

Present: MILLS, SMITH, & KATZMANN, JJ.

*Practice, Civil,* Motion to amend. *Municipal Corporations,* Planning board. *Zoning,* Board of appeals: jurisdiction.

A town's zoning board of appeals had no jurisdiction to render the decision which was the subject of the plaintiff's appeal, where the plaintiff improperly bypassed building inspector action required by G. L. c. 40A, § 8. [68-70]

CIVIL ACTION commenced in the Superior Court Department on December 6, 1996.

After review by this court, 56 Mass. App. Ct. 605 (2002), the case was heard by *Catherine A. White,* J.

*Thomas O. Moriarty* for the plaintiff.

*Robert S. Troy,* Town Counsel, for the defendant.

MILLS, J. In *Cumberland Farms, Inc.* v. *Planning Bd. of Bourne,* 56 Mass. App. Ct. 605, 611 (2002) (*Cumberland I*), we held that certiorari was not appropriate in that civil action purporting to challenge the Bourne planning board's (planning board) denial of site plan approval in connection with Cumberland Farms, Inc.'s (Cumberland), application for a building permit, and remanded the matter "for further consideration or proceedings." Cumberland sought to amend its complaint, essentially seeking to resurrect its claim as initially commenced, i.e., as an appeal of the decision of the Bourne board of appeals (zoning board) pursuant to G. L. c. 40A, § 17.[1] A Superior

---

[1]Cumberland's initial complaint was filed on December 6, 1996, appealing the decision of the zoning board affirming the planning board's denial. After a series of interim matters, on August 11, 1998, Cumberland's motion to amend the complaint was allowed only insofar as to state a claim under the certiorari

Court judge denied that motion upon finding that the amended complaint "could be futile" because of Cumberland's need for a special permit to proceed with its project.[2] Judgment affirming the decision of the planning board subsequently entered. We vacate the judgment and order the entry of judgment dismissing the complaint.[3]

It is both unnecessary and, on this record, inappropriate for us to decide whether Cumberland's proposed work requires a special permit under the Bourne zoning bylaw (local bylaw).[4] Cumberland opted to proceed with its building permit application pursuant to § 1230 of the local bylaw that renders site plan approval a condition precedent to the issuance of a building permit, rather than proceeding by way of application for a special permit, accompanied by a petition for site plan approval. At no point did Cumberland, subsequent to the planning board action, request or receive directly from the building inspector a necessary formal action, e.g., official decision, or grant or denial of the building permit.

statute, and after additional interim matters, judgment on the amended complaint was entered for the planning board on August 22, 2000. Judgment after our rescript entered on February 21, 2003, and Cumberland's motion to amend its complaint was filed on May 5, 2003.

The question whether the local zoning bylaw (and the statute) requires a special permit for Cumberland's proposed project should have been apparent from the outset. Cumberland chose its procedural route and bypassed several opportunities for earlier resolution of the question.

[2]For background detail, including a description of Cumberland's proposed project, see *Cumberland I, supra* at 605-607.

[3]We will make reference to *Cumberland I* to put this appeal in perspective and to supplement the background in our discussion. See note 2, *supra*.

[4]The planning board argued to the judge, in support of its futility argument, that a special permit was required. Cumberland argued that the planning board and zoning board processed the matters pending before them on the assumption that no special permit was necessary, and that the case on appeal should be considered on that hypothesis. The motion judge based her ruling, at least in part, upon her determination that a special permit was required. Although the substantive determination as to need for a special permit cannot be made on the record before the Superior Court as developed on Cumberland's procedural choices, the record, however, does not support Cumberland's position that the modification of its existing facility is a matter of right under the local bylaw, not requiring a special permit. The question, quite simply, is one that must be addressed in the first instance by the building inspector, who was essentially bypassed by Cumberland. See G. L. c. 40A, § 7; *McDonald's Corp.* v. *Seekonk*, 12 Mass. App. Ct. 351, 353 (1981); Local bylaw § 1210.

After the planning board voted to disapprove the site plan, Cumberland purported to appeal that decision directly to the zoning board pursuant to G. L. c. 40A, § 8.[5] The zoning board held a public hearing on the matter and voted to uphold the decision of the planning board. However, an appeal to the zoning board pursuant to § 8 has, as a jurisdictional prerequisite, action by an administrative officer, "the inspector of buildings, or other administrative official," which in this case means that the building inspector was required to have formally denied Cumberland's building permit application.[6] G. L. c. 40A, § 8, inserted by St. 1975, c. 808, § 3. See *Dufault* v. *Millennium Power Partners, L.P.*, 49 Mass. App. Ct. 137, 138-143 (2000); *Elio* v. *Zoning Bd. of Appeals of Barnstable*, 55 Mass. App. Ct. 424, 426-432 (2002).[7] Accordingly, further proceedings on Cum-

---

[5]General Laws c. 40A, § 8, inserted by St. 1975, c. 808, § 3, provides in pertinent part:

> "An appeal to the permit granting authority as the zoning ordinance or by-law may provide, may be taken by any person aggrieved by reason of his inability to obtain a permit or enforcement action from any administrative officer under the provisions of this chapter, . . . or by any person . . . aggrieved by an order or decision of the inspector of buildings, or other administrative official, in violation of any provision of this chapter or any ordinance or by-law adopted thereunder."

For purposes of this analysis, the powers of the zoning board under § 1320 of the local bylaw mirrors the authority in G. L. c. 40A, § 14.

[6]Of course, if the building permit had been granted, another aggrieved person may have sought enforcement and thereafter pursued a § 8 appeal to the zoning board. Suffice it to say that Cumberland's appeal to the zoning board bypassed building inspector action.

[7]There is some authority that in some cases the question of a zoning board's jurisdiction to hear an appeal pursuant to G. L. c. 40A, § 8, may be waived. See *Elio* v. *Zoning Bd. of Appeals of Barnstable, supra* at 431. In the circumstances of this case, however, "we could not hold that the [zoning] board had power to entertain [Cumberland's] appeal without ignoring the plain requirements of § [8]." *Ibid.* "Where, as here, the language of a statute is clear and unambiguous, it is conclusive as to the intent of the Legislature." *Ciardi* v. *F. Hoffmann-LaRoche, Ltd.*, 436 Mass. 53, 60-61 (2002). Moreover, the planning board is the party defendant in this action, and "[t]he governmental zoning power may not be forfeited by the action of local officers in disregard of the statute and the ordinance." *Ferrante* v. *Board of Appeals of Northampton*, 345 Mass. 158, 163 (1962). See *Cape Resort Hotels, Inc.* v. *Alcoholic Lic. Bd. of Falmouth*, 385 Mass. 205, 224-225 (1982); *Balcam* v. *Hingham*, 41 Mass. App. Ct. 260, 264 (1996).

berland's complaint, if the amendment were allowed, would be futile because the zoning board had no jurisdiction to render the decision which is the subject of Cumberland's zoning appeal.[8]

The judgment is vacated, and a new judgment is to enter dismissing the complaint.

*So ordered.*

[8]Aside from the technical requirements of G. L. c. 40A, §§ 8 and 14, the practical aspects of the requirement of building inspector action is apparent when we note, as we did in *Cumberland I*, 56 Mass. App. Ct. at 609, the multiple components for the building inspector's review of a building permit application under both State and local law, including, but not solely, compliance with local zoning (under both authorities). A central issue in this case, whether Cumberland's proposal requires a special permit, is, as Cumberland argues, initially a matter within the jurisdiction of the building inspector pursuant to § 1210 of the local bylaws. However, if Cumberland had not opted to bypass the building inspector in its process, prior to appeal to the zoning board, this central issue would have been determined.

Finally, in the context of this appeal, we repair dicta in *Cumberland I* which was misleading in its suggestion, at least implicitly, that Cumberland's appeal to the zoning board was compliant with G. L. c. 40A, §§ 8 and 15, notwithstanding the lack of final action by the building inspector. See *Cumberland I*, 56 Mass. App. Ct. at 609 n.10. Any such suggestion was error and resulted from our attempt to resolve a case that was pressed by the plaintiff in a piecemeal fashion. See *Long* v. *Wickett*, 50 Mass. App. Ct. 380, 395 (2000).