The plaintiff, Gene Lafond, appeals from a Land Court judgment dismissing his complaint for lack of subject matter jurisdiction. He argues that (1) the judge erred in finding that he failed to exhaust administrative remedies; and (2) the futility exception to exhaustion applies. He also argues that it was error to deny his motion for summary judgment. We affirm.
Background . This case arises from the Plymouth planning board's (board) approval of three zoning permits[3] issued to defendant Renewable Energy Development Partners, LLC (REDP), to build a solar development ground-mounted photovoltaic project (the project) on three lots off Herring Pond Road in Plymouth. To obtain zoning permits, REDP submitted an application with an accompanying site plan. Pursuant to the zoning by-law of the town of Plymouth (by-law), the building inspector reviewed the site plan to determine whether the project constituted a permissible use, pursuant to § 205-38.C of the by-law, which states in full:
"If any proposed use is not specifically referred to in any of the subsections in the zone in question, the Building Inspector shall be responsible for determining whether the proposed use should be classified as an allowed use or a special permit use or a prohibited use, based on similarities of use or structures. Where the appropriate classification cannot be clearly determined, the Building Inspector shall certify the proposed use as prohibited and the decision may be appealed to the Board of Appeals."
The building inspector determined that the project was not an allowed use under the by-law. He then concluded that the by-law prohibition is violative of G. L. c. 40A, § 3, which provides that "[n]o zoning ordinance or by-law shall prohibit or unreasonably regulate the installation of solar energy systems ...." Accordingly, the building inspector approved REDP's application for the project. On February 13, 2012, the board unanimously approved the site plan with six conditions.
In May, 2016, REDP began to clear the project site of trees to prepare for the installation of the solar arrays. When Lafond, an abutter to the site, learned about the project, he hired counsel. On May 19, 2016, Lafond, through counsel, sent a letter to the building inspector and the board, among others, requesting the issuance of a stop work order and enforcement of § 205-40 of the by-law, governing uses in the rural residential zone. On May 26, 2016, Lafond's counsel sent another letter to the building inspector informing him that Lafond intended to pursue "all legal options to stop work," including "appeal[ing] ... [the] denial of the enforcement order and refusal to issue a stop work order to the Zoning Board of Appeals as provided by the Bylaw and G. L. c. 40A and to thereby exhaust our administrative remedies." On May 31, 2016, the building inspector responded to Lafond's letter explaining that he found no need for a stop work order or enforcement. On July 8, 2016, Lafond's counsel sent yet another letter to the building inspector claiming that he had "failed to respond in writing to the May 19, 2016, request for enforcement and stop work order," failed to respond to the May 26, 2016, letter, and failed to notify abutters of the project approval. On July 29, 2016, town counsel sent an electronic mail message to Lafond's counsel stating that the building inspector had responded to her letter of May 19, 2016, and that "no further response is required with respect to your duplicative request of July 8, 2016."
On July 13, 2016, more than thirty days after the building inspector's denial of the enforcement and stop work request, Lafond filed a two-count complaint in the Land Court, alleging that the zoning permits and site plan review of the project were invalid under § 205-40 of the by-law. He asked the court to declare that (1) G. L. c. 40A, § 3, does not preempt § 205-40 of the by-law, and (2) the project is a prohibited use under the by-law. On cross motions for summary judgment,[4] the judge allowed REDP's motion for summary judgment and dismissed the complaint, finding that the Land Court lacked jurisdiction because Lafond failed to appeal the building inspector's denial to the zoning board of appeals and cannot "sidestep that choice by repackaging it pursuant to G. L. c. 231A." This appeal followed.
Discussion. 1. Standard of review. We review the allowance of summary judgment de novo. "In instances of cross motions, the appellate court assesses the factual materials in the light most favorable to the unsuccessful opposing party." Epstein v. Board of Appeal of Boston, 77 Mass. App. Ct. 752, 756 (2010).
2. Declaratory relief. The plaintiff argues that the judge erred in denying his motion for summary judgment seeking declaratory relief. Pursuant to G. L. c. 231A, § 1, "the land court ... may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof." However, as is the case here, "where the court lacks jurisdiction to make a declaration of rights, the correct disposition of the case is dismissal of the complaint." Iodice v. Newton, 397 Mass. 329, 335 n.5 (1986). There was no error.
a. Exhaustion of administrative remedies. Lafond argues that the judge's finding, that the Land Court lacked subject matter jurisdiction because he failed to exhaust administrative remedies, was error. We disagree.
"[T]he statutorily required submission of zoning disputes to local authority is so central to the architecture of G. L. c. 40A that we have required the exhaustion of administrative remedies as a prerequisite to judicial review." Quincy v. Planning Bd. of Tewksbury, 39 Mass. App. Ct. 17, 20 (1995). As such, "principles of exhaustion require that a person aggrieved by the action of a local zoning administrator (the building inspector in most municipalities) must first attempt to redress the grievances through the local board of appeals before seeking judicial review." Ibid. "Exceptions to the exhaustion requirement are sometimes made in extraordinary circumstances, as when the administrative remedy is inadequate (e.g., the administrative board does not have jurisdiction to hear the plaintiff's complaint), or the issues in the case are of such public significance that the outcome will affect numerous persons in addition to the plaintiffs, or where there is no dispute about the facts, and the issue involves merely a question of law."Balcam v. Hingham, 41 Mass. App. Ct. 250, 266-267 (1996). None of these exceptions apply here.
Lafond is seeking a declaration that the by-law does not run afoul of G. L. c. 40, § 3, and that the building inspector's issuance of the zoning permits to REDP violated the by-law. Initially, the building inspector considered whether the project was a permissible use under the existing by-law. He found that it was not, but that the by-law was violative of State law. Grievance with this determination is precisely the type of dispute that G. L. c. 40A, § 8, governs. The zoning board of appeals (ZBA) is in the best position to determine whether the building inspector's interpretation of the by-law was correct. See Wendy's Old Fashioned Hamburgers of N.Y., Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 381 (2009). Had Lafond followed the procedural requirements of G. L. c. 40A, the ZBA's determination would certainly have affected the "scope or character" of the relief that the Land Court could have provided. See Clark & Clark Hotel Corp. v. Building Inspector of Falmouth, 20 Mass. App. Ct. 206, 209 (1985). Moreover, Lafond was well aware that he needed to exhaust his administrative remedies before seeking court intervention, as demonstrated by his letter of May 26, 2016. In it, he stated that he would "appeal [the building inspector's] ... denial of the enforcement order and refusal to issue a stop work order to the Zoning Board of Appeals as provided by the Bylaw and G. L. c. 40A and to thereby exhaust our administrative remedies" (emphasis supplied). Not only did Lafond fail to do so, he sent another letter to the building inspector, more than thirty days later, at which point such an appeal would have been untimely. See G. L. c. 40A, § 15. There was no error.
b. Futility exception. Lafond next argues that he was not required to exhaust administrative remedies because appealing to the ZBA would have been futile. We disagree. Exceptions to the exhaustion doctrine are narrow in scope. Indeed, "to come within the exception, a sort of inevitability is required: the prospect of refusal must be certain (or nearly so)." Daddario v. Cape Cod Commn., 56 Mass. App. Ct. 764, 770 (2002), quoting from Gilbert v. Cambridge, 932 F.2d 51, 61 (1st Cir. 1991). Lafond argues that an appeal to the ZBA would have been futile as he copied it on all the correspondence with the building inspector, but the ZBA did nothing. This does not constitute a proper appeal under G. L. c. 40A, § 15. The ZBA had no jurisdiction to weigh in until the building inspector rendered a decision and Lafond filed a proper notice of appeal. See Cumberland Farms, Inc. v. Planning Bd. of Bourne, 67 Mass. App. Ct. 67, 69 (2006) ("An appeal to the zoning board pursuant to § 8 has, as a jurisdictional prerequisite, action by an administrative officer"); G. L. c. 40A, § 15.
Lafond also argues that the permitting of other solar energy projects from 2012 to 2016 was evidence of a policy or practice that rendered his potential appeal futile. There is nothing in the record to support his claim. Indeed, none of these unrelated solar projects was challenged and their validity was never adjudicated by the ZBA. As such, these projects cannot serve as the basis to forego an administrative appeal.
Lastly, REDP's continued work at the project site does not render an appeal to the board futile. See Ciszewski v. Industrial Acc. Bd., 367 Mass. 135, 141 (1975) (Futility applies when "power and authority of the agency ... [is] in question, and not where the exercise of that agency's discretion is challenged"). Without a stop work order from the building inspector, REDP could continue work on the permitted project site. See, e.g., Balcam v. Hingham, 41 Mass. App. Ct. at 265-267 (failure to exhaust remedies precluded declaratory judgment pursuant to G. L. c. 231A for a mandatory preliminary injunction).
Lafond had the opportunity to appeal the building inspector's decision. As the Land Court judge aptly stated, "He was not denied an administrative appeal, but instead simply chose not to pursue one."
Judgment affirmed.

Renewable Energy Development Partners, LLC (REDP), was approved for two zoning permits in February, 2012, for two lots. After REDP acquired a third lot, it received approval in March, 2016, for a revised zoning permit for one of the original lots and a new zoning permit for the newly acquired lot.

Lafond voluntarily waived his first claim pursuant to G. L. c. 40, § 17. After he filed a motion for summary judgment and declaratory relief, the parties agreed to incorporate REDP's pending motion to dismiss into the cross motions for summary judgment. The municipal defendants also joined in REDP's motion to dismiss.