ROBERT E. CONNORS, JR., trustee,[1] & another[2] *vs.* ANTHONY
ANNINO, THIRD, trustee,[3] & another.[4]

Suffolk. September 6, 2011. - October 26, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Statute,* Construction. *Zoning,* By-law, Building permit, Enforcement. *Municipal
Corporations,* Enforcement of building code. *Practice, Civil,* Zoning appeal.
*Land Court,* Jurisdiction. *Jurisdiction,* Land Court.

Discussion of the provisions of the Zoning Act, G. L. c. 40A, governing
requests for enforcement, appeals to permit granting authorities, and the
time in which such administrative appeals must be taken. [793-795]

This court held that where a party aggrieved by the issuance of a building
permit to another person has adequate notice of the building permit's issu-
ance, that party is required to appeal to the appropriate zoning board of
appeals within thirty days of the permit's issue date under G. L. c. 40A,
§§ 8 and 15; in such circumstances, a later appeal to the board from a
denial of a request for enforcement made pursuant to G. L. c. 40A, § 7, is
not an available alternative remedy. [795-798]

A letter to a building commissioner could not qualify as a written enforcement
request within the meaning of G. L. c. 40A, § 7, where there was no al-
leged violation of the zoning code at the time that could be the subject of a
request for enforcement. [798-799]

CIVIL ACTION commenced in the Land Court Department on
February 24, 2009.

A motion to dismiss was heard by *Keith C. Long,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

*Daniel P. Dain* for the plaintiffs.

*Anthony Annino, III,* pro se.

*Michelle Learned,* Assistant City Solicitor, for zoning board
of appeals of Waltham.

[1] Of Boy Hill Realty Trust.

[2] Francis W. Connors, as trustee of Boy Hill Realty Trust, and as trustee of
85-87 Overland Road Realty Trust.

[3] Of 89-91 Overland Road Realty Trust.

[4] Zoning board of appeals of Waltham.

BOTSFORD, J. The issue raised by this appeal concerns the threshold administrative remedy or remedies available under the Zoning Act, G. L. c. 40A, to one who is aggrieved by the issuance of a building permit to another person. Consistent with the Appeals Court's decision in *Gallivan* v. *Zoning Bd. of Appeals of Wellesley*, 71 Mass. App. Ct. 850 (2008) (*Gallivan*), we hold that where the aggrieved party has adequate notice of the building permit's issuance, he or she is required to appeal to the appropriate zoning board of appeals within thirty days of the permit's issue date under G. L. c. 40A, §§ 8 and 15; in such circumstances, a later appeal to the board from a denial of a request for enforcement made pursuant to G. L. c. 40A, § 7, is not an available alternative remedy. Accordingly, we agree with the Land Court judge that because the plaintiffs, who had adequate notice that the challenged building permits had issued to their neighbor, did not file an appeal with the zoning board of appeals of Waltham (board) within thirty days of issuance, the board, and thereafter the Land Court, lacked jurisdiction to hear the plaintiffs' appeal. We affirm the judgment of dismissal of the Land Court.

A. *Background.*[5] The plaintiffs, Robert E. Connors, Jr., and Francis W. Connors, trustees of the Boy Hill Realty Trust, and Francis W. Connors, trustee of 85-87 Overland Road Realty Trust (collectively, plaintiffs), own property on Overland Road in Waltham (city) on either side of property owned by the defendant Anthony Annino, III, trustee of 89-91 Overland Road Realty Trust (Annino). In September, 2007, Annino met with the plaintiffs to advise them of his plan to demolish an existing two-family structure on his property and replace it with a new,

[5]The facts recited here are taken from the decision of the Land Court judge on the motion to dismiss filed by the defendant Anthony Annino, III, trustee of 89-91 Overland Road Realty Trust (Annino). Annino's motion was based on Mass. R. Civ. P. 12 (b) (1) and (6), 365 Mass. 754 (1974). With respect to the portion of the motion under rule 12 (b) (6), claiming the plaintiffs had failed to state a claim on which relief could be granted, the judge treated the motion as one for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), because the parties had submitted matters outside the pleadings. See Mass. R. Civ. P. 12 (b), last par. The judge noted that the ultimate result would be the same under both rule 12 (b) (6) and rule 56, as no material facts were in dispute. None of the parties has challenged that conclusion on appeal, and we accept it.

larger, two-family structure. The plaintiffs expressed concerns that the new structure would violate the city's zoning code and would require review and approval by the board. On April 23, 2008, Annino sent a letter to each of the plaintiffs notifying them that the existing two-family structure would be razed and that excavation would follow soon thereafter. The plaintiff Robert E. Connors, Jr. (Connors), who is an attorney, engaged in a series of communications with officials from the city's building department, urging them that it would be improper to grant Annino the permits unless he first complied with two of this court's relatively recent decisions.[6]

On July 28, 2008, Annino filed applications for two building permits with the city's building department. Although the building department did not send the plaintiffs notice of the permit applications, Connors found out about them on July 30, while visiting the department on unrelated matters. On August 20, Connors sent a letter to the building commissioner, in which he laid out his legal arguments in opposition to the building permits, and requested that the building commissioner deny the applications or alternatively forward them to the board "for a determination as to whether the proposed construction 'will increase the nonconforming nature of said [existing] structure' in violation of [the city's zoning code and G. L. c. 40A, § 6]." The building commissioner did not respond immediately to the letter.

On September 15, 2008, the building inspector issued two building permits to Annino for construction of the proposed two-family structure. Again, the building department did not give the plaintiffs notice of the permits, but Connors learned they had issued on September 25, when he visited the building department for an unrelated reason. On September 26, Connors requested a response to his August 20 letter, and on September 29, the building commissioner sent a letter to Connors (received October 1, 2008), stating that, in the opinion of the city's building and law departments, building permits for Annino's project were properly issued under the city's zoning code.

On October 20, 2008, thirty-five days after the building permits had issued, the plaintiffs filed a petition of appeal with the

---

[6]See *Bjorklund* v. *Zoning Bd. of Appeals of Norwell*, 450 Mass. 357 (2008); *Bransford* v. *Zoning Bd. of Appeals of Edgartown*, 444 Mass. 852 (2005).

board pursuant to G. L. c. 40A, § 8. On January 27, 2009, after two hearings and receipt of an opinion from the city's law department, the board dismissed the plaintiffs' petition, concluding that it lacked jurisdiction because the plaintiffs had "failed to bring the appeal within the time frame required by statute."

The plaintiffs appealed from the board's decision to the Land Court pursuant to G. L. c. 40A, § 17, on February 24, 2009, requesting that the decision be annulled and Annino's building permits revoked. Annino filed a motion to dismiss, arguing in part that the plaintiffs' appeal to the board had not been timely filed under G. L. c. 40A, § 15, thereby depriving the board as well as the Land Court of subject matter jurisdiction. After a hearing on May 28, 2009, the judge agreed, and ordered the plaintiffs' complaint dismissed on July 15, 2010. The plaintiffs filed a timely appeal in the Appeals Court from the judgment of dismissal, and this court granted their application for direct appellate review.

B. *Discussion.* Because this case involves primarily issues of statutory construction, we exercise de novo review. See *Atlanticare Med. Ctr.* v. *Commissioner of the Div. of Med. Assistance,* 439 Mass. 1, 6 (2003), and cases cited.

1. *Statutory background.* Three related sections of the Zoning Act are relevant to this case. First, G. L. c. 40A, § 7 (§ 7), requires the appropriate municipal building official (here, the building commissioner) to enforce zoning ordinances or bylaws by withholding a "permit for the construction, alteration or moving of any building or structure" if the proposed building or structure violates any relevant municipal zoning ordinance or bylaw. If the officer "is requested in writing to enforce such ordinances or by-laws against any person allegedly in violation of the same and such officer . . . declines to act, he shall notify, in writing, the party requesting such enforcement of any action or refusal to act, and the reasons therefor, within fourteen days of receipt of such request."[7] *Id.* Second, G. L. c. 40A, § 8 (§ 8), provides in relevant part that "[a]n appeal to the permit granting authority as the zoning ordinance or by-law may pro-

---

[7]The stated fourteen-day period for a public official to notify the person requesting enforcement is considered directory rather than mandatory. See *Vokes* v. *Avery W. Lovell, Inc.,* 18 Mass. App. Ct. 471, 479 (1984).

vide, may be taken by any person aggrieved by reason of his inability to obtain . . . [an] enforcement action [under § 7] . . . or by any person . . . aggrieved by an order or decision of the inspector of buildings, or other administrative official, in violation of any provision" of G. L. c. 40A or the pertinent zoning ordinance or bylaw.

The final section, G. L. c. 40A, § 15 (§ 15), prescribes the time in which the administrative appeals described in § 8 must be taken. Specifically, § 15 provides that "[a]ny appeal under [§ 8] to a permit granting authority shall be taken within thirty days from the date of the order or decision which is being appealed." With respect to an appeal from an "inability to obtain [a § 7] enforcement action" the date from which the thirty-day period for appeal is measured is the date of the written response of the municipal building official to the aggrieved person's request for enforcement.[8] With respect to a building permit, the date of its issuance is considered "the date of the order or decision." *Id.* at § 15. For purposes of § 8, the issuance of a building permit qualifies as an "order or decision of the inspector of buildings, or other administrative official," see *Gallivan,* 71 Mass. App. Ct. at 854, and therefore any appeal to the permit granting authority under § 8 must be brought within thirty days after the permit has issued. See *Elio* v. *Zoning Bd. of Appeals of Barnstable,* 55 Mass. App. Ct. 424, 427 (2002).

The plaintiffs contend that the statutory scheme set out in §§ 7, 8, and 15, provided them with two independent ways to appeal from the building department's issuance of the permits to Annino: (1) under §§ 8 and 15, they could have filed a petition of appeal with the board from the decision to issue the building permits within thirty days of the permits' issuance; and (2) under §§ 7, 8, and 15, they were entitled to submit — at any time within six years — a written request to the building commissioner to "enforce" the zoning ordinance by refusing to issue the building permits Annino was seeking, and to appeal

---

[8]As briefly discussed, *infra,* G. L. c. 40A, § 7, also includes a "repose" provision, i.e., a provision requiring that any action to compel the abandonment, limitation, or modification of a use or a structure allowed by a building permit must be brought within six years "after the commencement of the alleged violation of law." § 7, second par.

within thirty days of a written response from the building commissioner denying their request. As the plaintiffs view the matter, because § 7 provided them with this independent or alternative avenue of appeal, they had until October 29, 2008 (thirty days from the commissioner's September 29, 2008, letter allegedly denying their enforcement request), to file their petition of appeal with the board.

2. *Availability of § 7 enforcement request.* In dismissing the plaintiffs' case, the judge relied on the *Gallivan* case. Similar to the facts here, Gallivan, an abutter of parties who had been issued a building permit for a new house, challenged the validity of the building permit. See *Gallivan, supra* at 852-853. As is also true in the present case, the plaintiff in *Gallivan* did not appeal to the zoning board of appeals within thirty days of the building permit's issuance. *Id.* at 855. Rather, almost five months after the permit issued and the house in question was nearly complete, the plaintiff submitted a written request to the building inspector to enforce a new amendment to the Wellesley zoning bylaw, which would have invalidated the building permit for the house. Within thirty days of the building inspector's written denial of her enforcement request, the plaintiff filed an appeal with the zoning board. *Id.* at 853. The plaintiff's appeals to the zoning board and thereafter to the Land Court were unsuccessful, and her appeal to the Appeals Court followed.

The Appeals Court in *Gallivan* affirmed the decision of the Land Court judge that the zoning board, and thereafter the Land Court, lacked jurisdiction to consider the plaintiff's appeal because she had not filed her appeal with the zoning board within thirty days after the challenged building permit issued. See *id.* at 855, 857, 859-860. The Appeals Court considered the plaintiff's argument that §§ 7, 8, and 15, properly read, offered her the choice whether to appeal from the building permit within thirty days of its issuance, or, instead, later seek enforcement of the zoning code against the challenged permit and appeal from the building inspector's denial of that request. The court noted that "[s]uperficially," these three statutory sections offered some support for the plaintiff's claim, *id.* at 854, but concluded that the sections were more properly read to signify that the alternative remedy offered in § 7 of requesting the enforcement

of the zoning ordinance was only available where the aggrieved party does not have adequate notice of the building permit's issuance in time to challenge it within thirty days. See *id.* at 857-858. If, however, the aggrieved party does have adequate notice, the party "may not lawfully bypass that remedy and subsequently litigate the question by means of a request for enforcement under G. L. c. 40A, § 7." *Id.* at 857.

We agree with the Appeals Court's analysis. In addition to the history of the Zoning Act to which that court refers, see *Gallivan,* 71 Mass. App. Ct. at 855-856, applicable rules of statutory construction require courts to "construe statutes that relate to the same subject matter as a harmonious whole and avoid absurd results." *Canton* v. *Commissioner of the Mass. Highway Dep't,* 455 Mass. 783, 791-792 (2010), and cases cited. We also endeavor to interpret a statute to give effect "to all its provisions, so that no part will be inoperative or super-fluous." *Wheatley* v. *Massachusetts Insurers Insolvency Fund,* 456 Mass. 594, 601 (2010), quoting *Bankers Life & Cas. Co.* v. *Commissioner of Ins.,* 427 Mass. 136, 140 (1998). The plain language of § 15 requires that an appeal by an aggrieved party to a permit granting authority under § 8 "*shall* be taken within thirty days from the date of the order or decision which is being appealed" (emphasis added). G. L. c. 40A, § 15. Where the "decision" of the building commissioner is the issuance of a building permit, it is reasonable and consistent with the statu-tory scheme to require the aggrieved party to comply with the route prescribed in §§ 8 and 15 if the party has adequate notice of the permit's issuance and therefore an ability to meet the thirty-day limitation period imposed by these two sections. In such circumstances — that is, where adequate notice exists — we reject the plaintiffs' position that § 7 affords them the opportunity to bypass the procedure laid out in §§ 8 and 15; al-lowing an appeal under § 7, after the time for an appeal from the issuance of the building permit under §§ 8 and 15 has run, would essentially render § 8's thirty-day limitation period superfluous. See *Wheatley* v. *Massachusetts Insurers Insolvency Fund, supra* at 601. As the Appeals Court noted, such a reading of the statutory provisions, and § 7 in particular, would allow an aggrieved party to wait as long as six years before filing an

enforcement request and appealing from its denial. See *Gallivan, supra* at 857-858.

The plaintiffs claim that the judge misread *Gallivan,* and posit that the Appeals Court's decision in *Gallivan* was guided more by principles of equity than of statutory construction. Their argument is that *Gallivan* requires an equitable balancing, under which a judge must consider both whether the challenging party committed any "malfeasance" by sitting on his or her right to appeal under G. L. c. 40A, §§ 8 and 15, and whether the challenged party reasonably relied to his detriment on the heretofore unchallenged building permit. In our view, it is the plaintiffs who have misread *Gallivan:* the decision is not based on equitable principles, although such principles certainly may have supported the result in that case. In any event, our decision today is based on our reading of the statutory provisions in question. We interpret §§ 7, 8, and 15 to mean that when a party with adequate notice of the issuance of a building permit claims to be aggrieved by the permit on the ground that it violates the zoning code, the party must file an administrative appeal within thirty days of the permit's issuance; a failure to do so deprives the board or other permit granting authority, and later the courts, of jurisdiction to consider the appeal.

We note, as the court did in *Gallivan,* that an enforcement request under § 7, and a subsequent appeal from a denial of said request under §§ 8 and 15, remains a valid procedural path for aggrieved parties to follow in appropriate circumstances. For example, an enforcement request may still be pursued under § 7 if the aggrieved party can establish that he or she was without adequate notice of the order or decision being challenged. See *Fitch* v. *Board of Appeals of Concord,* 55 Mass. App. Ct. 748, 751 (2002), citing *Vokes* v. *Avery W. Lovell, Inc.,* 18 Mass. App. Ct. 471, 480-483 (1984) (§ 7 request for enforcement procedure created independent avenue to challenge building permit, because if appeal within thirty days of issuance under § 15 were sole remedy, aggrieved party without notice in thirty-day window would be foreclosed from relief). Section 7 would also continue to operate where an aggrieved party alleges that an abutter failed to obtain proper building permits, and therefore

seeks an enforcement request to stop the abutter from proceeding with their unauthorized activity.[9]

In the present case, we conclude that both the board and the judge properly dismissed the plaintiffs' appeal because the undisputed facts establish that the plaintiffs received actual notice of the issuance of the building permits twenty days before the thirty-day period for bringing an appeal under §§ 8 and 15 expired, and that twenty days provided adequate time during which to file the required petition of appeal with the board.[10] Consequently, the option of pursuing an enforcement action under § 7 was foreclosed, absent a zoning or permit violation by Annino.

3. *Enforcement request.* The preceding discussion disposes of the plaintiffs' claims on appeal. The board, however, contends that the plaintiffs' effort to pursue a remedy under § 7 must be rejected in any event because Connors's letter of August 20, 2008, to the building commissioner did not qualify as a written enforcement request within the meaning of § 7, and thus could not form the basis of an appeal under that section when the building commissioner responded by letter dated September 29. The board is correct. We agree with the board, and the judge, that the August 20 letter was not an enforcement request because

---

[9]A third circumstance where an enforcement request under § 7 might provide a remedy is one where a party claims that the beneficiary of an order that was valid as issued has allegedly exceeded the scope of the order. See *Elio* v. *Zoning Bd. of Appeals of Barnstable,* 55 Mass. App. Ct. 424 (2002) (§ 7 enforcement request mechanism still available to aggrieved party where permit holder allegedly exceeded scope of permit).

[10]The parties here do not appear to dispute that twenty days constituted adequate notice to the plaintiffs. We acknowledge, however, that difficult questions concerning adequacy of notice may arise at the margins — if, for example, an aggrieved party were to receive notice twenty-eight days after a permit's issuance. Whether notice is adequate is a question of fact that depends on the particular circumstances; we agree with the Appeals Court that it is not appropriate to create a bright line rule defining what constitutes "adequate notice." *Gallivan* v. *Zoning Bd. of Appeals of Wellesley,* 71 Mass. App. Ct. 850, 858 (2008). We add that municipal permit granting authorities may potentially avoid disputes over notice by adopting a bylaw or ordinance providing for public notice of building permit applications and perhaps even the issuance of permits. Quite apart from a bylaw, an applicant for a building permit such as Annino might avoid such a dispute by giving notice of the permit's issuance to abutting neighbors.

there was simply no alleged violation of the zoning code at the time that could be the subject of a request for enforcement.

Our conclusion derives from the language of § 7. The section's first paragraph, with its emphasis on enforcing ordinances or bylaws against "any person allegedly *in violation*" (emphasis added), indicates that the Legislature intended the claimed violation already to have occurred, not that it was anticipated to occur in the future. The second paragraph of § 7, with its lengthy description of what is to happen when an enforcement action seeks to remove a structure already built pursuant to an issued building permit, also supports this view, focusing, as it clearly does, on an allegedly *existing* violation. In this case, at the point of Connors's August 20 letter, there was no violation or alleged violation because the building permits in question had not yet been issued — all that existed were applications for permits — and there is no evidence that Annino had otherwise violated the city's ordinance or bylaw. As a consequence, the August 20 letter did not fit within the terms of § 7, and therefore, it could not be the basis of an appeal from the denial of an "enforcement action" under § 8.

C. *Conclusion.* Because the plaintiffs had adequate notice of the building permits that issued on September 15, 2008, they had thirty days from that date from which to appeal to the board pursuant to G. L. c. 40A, §§ 8 and 15. Their petition of appeal, dated October 20, 2008, was untimely, and both the board and the Land Court were without jurisdiction to entertain it.

*Judgment affirmed.*