Tucker, Richard T., J.
In its complaint the plaintiff, Guaranteed Builders & Developers, Inc. (GBI), as the possessor of property owned at 103 Shore Road in Douglas on Wallum Lake, seeks an appeal of the constructively-granted, Zoning Board of Appeals (ZBA) of the Town of Douglas decision revoking a building permit for the aforementioned property. Joseph By-linski (Bylinski), a defendant,[1] is an abutting properly owner who sought zoning enforcement and appealed to the ZBA for revocation of the building permit. The property in issue is a p'arcel of land on a body of water known as Wallum Lake in Douglas, Massachusetts. GBI asserts that the constructive revocation of the building permit was improper and that the parcel on 103 Shore Road should be allowed a variance as to the required frontage and square footage requirements for a two-story house that is currently under construction on the properly. GBI alleges that the ZBA’s constructive approval of Bylinski’s appeal was not congruent with the building permit that had issued and that as a matter of equity the two-stoiy construction should be held as being constructed under a valid permit. Further, GBI alleges that the appeal to the ZBA by Bylinski was untimely.
The defendant Bylinski states that the original permit was wrongfully issued and that the constructive revocation of the permit should stand. Bylinski further alleges that the property on 103 Shore Road is not eligible for “grandfathering,” and without a variance granted by the ZBA, cannot be constructed upon. It is further contended that the constructive approval of Bylinski’s appeal for enforcement was valid under G.L.c. 40A, §15.
FINDINGS OF FACT
Upon the testimony presented over the course of the two-day, jury-waived trial that I find to be credible, and the review of the numerous exhibits, I recite the facts as found generally, reserving additional detailed findings for discussion of the issues hereafter.
Louis Tusino (Tusino) is the President of GBI and owns the parcel of land known as 103 Shore Road in Douglas, Massachusetts. Defendant Bylinski is an adjacent property owner of the parcel of land known as 105 Shore Road in Douglas, Massachusetts. Both 103 and 105 Shore Road are situated on the shoreline of Wallum Lake in Douglas.
Tusino’s property at 103 Shore Road was acquired by the corporation he owns, GBI, in 1989. The property has approximately 47.5 feet of frontage and 6,531 square feet of area. The adjacent property owned by Bylinski has identical frontage at 47.5 feet and 5,651 square feet of area. The current zoning by-laws for Douglas, Massachusetts, adopted September 24, 1970 and amended on May 13, 1978, now mandate a *378 minimum of 200 feet of frontage and 90,000 square feet of area for single-family dwellings in the RA zone. Both the 103 and 105 Shore Drive lots are in a RA zone (single-family residential).
The 103 Shore Road and 105 Shore Road properties originate from a parcel of land owned by Wallum Lake Terrace, Inc. (WLT), which acquired the property in 1956. 105 Shore Road, whose boundaries were recorded in 1961, established the southerly boundary of 103 Shore Road. A 1967 recorded plan by WLT established the northerly boundary of 103 Shore Road. Lot 71 in the recorded plan in 1967 established what 103 Shore Road is today. In December of 1985, the Commonwealth of Massachusetts acquired lots 68 through 71 on Shore Road in Douglas through eminent domain.
In 2004, Bylinski improved 105 Shore Road by demolishing the existing dwelling and constructing a new, two-stoiy home on the original footprint. To make these improvements, Bylinski sought a variance from the requirements of the zoning law. Tusino, as the owner of the lot directly abutting 105 Shore Road, did not object to the variance and it was granted.[2]
In May of 2005, GBI applied for a variance with the ZBA. That request was subsequently withdrawn in response to a letter received from Town Counsel for Douglas. This letter did not explicitly state that the property of 103 Shore Road was exempt from town zoning by-laws, but the letter implied that 103 Shore Road might qualify for grandfathering. 103 Shore Road is in fact not eligible for grandfathering as it lacks sufficient frontage.
On July 8, 2008 a building permit was issued for a home to be constructed on 103 Shore Road. No notice was mailed to abutting property owners to the 103 Shore Road property.[3] Prior to acquiring the building permit, GBI acquired well-site approval, septic design approval, and an order of conditions from the Douglas Conservation Commission. On January 2, 2009 a well was drilled on 103 Shore Road. On or around February 7,2009, the first major construction activity took place on 103 Shore Road when ground was broken by an excavator.
On February 9, 2009, Bylinski requested that the Building Commissioner revoke the building permit issued for 103 Shore Road. Ten days later the Building Commissioner responded by declining to revoke the building permit. On February 25, 2009, Bylinski, through his attorney, filed an appeal to the ZBA asking that the Board compel the Building Commissioner to enforce the by-laws and revoke the permit for 103 Shore Road. By March 3,2009, the ZBA began a public hearing on the appeal. GBI filed a motion to dismiss on June 4, 2009. Neither the appeal filed by Bylinski nor the motion filed by GBI were acted upon by the ZBA within the 100-day statutory period required by G.L.c. 40A, §15.[4]
Bylinski filed notice of the constructive grant with the Douglas Town Clerk on June 9, 2009. GBI was subsequently notified of this constructive grant of the application by the Town Clerk and was at that point on notice that the permit had been effectively revoked. GBI continued construction on 103 Shore Road after this time, nearing completion of the home.
This action comes before the Superior Court on appeal by GBI that the ZBA acted beyond its authority in constructively approving Bylinski’s appeal and revoking the building permit for 103 Shore Road (Count II) because the application was filed beyond the 30-day period for appeals from the issuance of building permits (Count I). See G.L.c. 40A, §15. Plaintiff also makes an all encompassing argument that a court having equitable powers should not enforce a constructively granted petition to enforce zoning upon the circumstances in issue.
DISCUSSION
I. Timeliness of Bylinski’s Appeal to the ZBA (Count I)
GBI argues that the ZBA did not have jurisdiction to hear Bylinski’s appeal of the Building Commissioner’s action because the appeal was filed more than 30 days after issuance of the building permit. See G.L.c. 40A, §15 (“Any-appeal under section eight to a permit granting authority shall be taken within thirty days from the date of the order or decision which is being appealed”). Bylinski argues that the appeal was timely because he filed it within 30 days of the Building Commissioner’s denial of Bylinski’s written request to enforce the town’s zoning bylaws and revoke the building permit. The court agrees with Bylinski.
Taken together, G.L.c. 40A, §§7, 8, and 15 provide a scheme for challenging a building permit. Under §7, any person may request in writing that the building inspector enforce local zoning by-laws and revoke a building permit because such permit violates the bylaws. Under §8, if the building inspector declines to act on the request, “any person aggrieved by reason of his inability to obtain... [an] enforcement action” may appeal to the permit granting authority (the zoning board of appeals). Alternatively, under §8, “any person . . . aggrieved by an order or decision of the inspector of buildings,” i.e., the issuance of a building permit, may appeal to the permit granting authority. Both lypes of appeal must be taken within 30 days of the building inspector’s refusal to enforce the by-laws or issuance of a building permit, respectively. See G.L.c. 40A, §§8, 15. See generally Connors v. Annino, 460 Mass. 790, 793-94 (2011) (describing statutory scheme).
In Connors, the Supreme Judicial Court agreed with the Appeals Court in Gallivan v. Zoning Board of Appeals of Wellesley, 71 Mass.App.Ct. 850 (2008), that §§7, 8, and 15 do not give challengers a choice about which appeal remedy to pursue. See 460 Mass. at *379 795-96; 71 Mass.App.Ct. at 857. Rather, those sections
mean that when a party with adequate notice of the issuance of a building permit claims to be aggrieved by the permit on the ground that it violates the zoning code, the parly must file an administrative appeal within thirty days of the permit’s issuance; a failure to do so deprives the board or other permit granting authority, and later the courts, of jurisdiction to consider the appeal.
Connors, 460 Mass. at 797. Pursuing a challenge to a building permit through an enforcement action under §§7 and 8 is still available, however, “if the aggrieved party can establish that he or she was without adequate notice of the [building permit] being challenged.” Id. If this avenue of challenge were not available, a permit holder could simply not pursue any action under the permit for 30 days, thereby depriving potential challengers of notice of the building permit for the entirety of the appeal period. See Gallivan, 71 Mass.App.Ct. at 857.
The question here is whether Bylinski had adequate notice of the building permit issued to GBI, as that will determine which avenue of appeal he could pursue.[5] The court concludes that he did not have adequate notice.
There is no evidence that Bylinski actually learned of GBI’s building permit within 30 days of its issuance. See Connors, 460 Mass. at 792, 798 (adequate notice where plaintiff learned of building permit twenty days before expiration of appeal period when he visited building department on unrelated matter). Nor is there evidence that he received notice of GBI’s application for a building permit. See Gallivan, 71 Mass.App.Ct. at 859-60 (adequate notice where knowledge of application placed duty of inquiry on plaintiff and gave her reasonable opportunity to timely appeal building permit).
GBI argues that Gallivan is controlling here because GBI’s activities on 103 Shore Road before and after issuance of the building permit — approvals at the Conservation Commission and the Board of Health, the clearing of land in the summer and fall of 2008, and the drilling of a well on January 2, 2009 — placed on Bylinski a duty to inquire about a building permit. Any notice these activities may have given, however, does not rise to the level of notice given by actual knowledge of the building permit application, as in Gallivan. The approval processes at a conservation commission and a board of health may take years and do not indicate when a building permit may be issued. Land clearing and well drilling may indicate an unspecified future intent to obtain a building permit as much as they indicate the actual issuance of a permit.
Even if GBI’s activities suggested to Bylinski that the former may have applied for or obtained a building permit, the cases do not place upon Bylinski a duty to make monthly phone calls to the building inspector, as GBI proposes. See Gallivan, 71 Mass.App.Ct. at 859 (duty of inquiry not onerous where plaintiff already knew of building permit application and one visit to building department would have revealed zoning violation in application).
This case is controlled not by Gallivan, but by 81 Spooner Road, LLC v. Zoning Board of Appeals of Brookline, 78 Mass.App.Ct. 233 (2010), rev. granted, 459 Mass .1104 (2011). In that case the Appeals Court found that the challengers could pursue an appeal under §§7 and 8 where “[t]he [building] permit’s issuance did not, within the following thiriy-day appeal period, ‘come to the attention’ of the [challengers]. The town provided no writt'en notice [of the permit] to the [challengers]. Nor did [the permit holder] commence construction, under its permit, during the appeal period.” Id. at 244.
Without adequate notice of the building permit within the 30-day appeal period, it was permissible for Bylinski to pursue a challenge to the permit via an enforcement action under §7, which he did by letter dated February 9, 2009, immediately after major construction on 103 Shore Road began on February 7, 2009. The Building Commissioner refused Bylinski’s enforcement request by letter dated February 19, 2009, and Bylinski’s February 25, 2009 appeal of that refusal to the ZBA was well within the 30-day appeal period of §8.[6] See Connors, 460 Mass. at 794 (date of building inspector’s written response begins 30-day appeal period). As such, his appeal was timely and the ZBA had jurisdiction to hear it. The defendants are therefore entitled to judgment on Count I of GBI’s complaint.
II. The ZBA’s Constructive Approval of Bylinski’s Application (Count II and Count III)
The defendants are also entitled to judgment on Count II of GBI’s complaint, which claims that the ZBA exceeded its authority by constructively approving Bylinski’s appeal of the Building Commissioner’s refusal to revoke GBI’s building permit after it continued its hearings on Bylinski’s appeal several times. GBI has not cited any case law, however, indicating that the “explicit” constructive approval provisions of §15, Racette v. Zoning Bd. of Appeals of Gardner, 27 Mass.App.Ct. 617, 619 (1989), somehow do not apply because a board continues its hearings. Section 15 is specifically intended to apply to the exact situation that occurred here — a board failing to act within the statutorily-prescribed period. See Capone v. Zoning Bd. of Appeals of Fitchburg, 389 Mass. 617, 622 (1983), quoting Rinaudo v. Zoning Bd. of Appeals of Plymouth, 383 Mass. 885, 885 (1981) (‘The intent of the Legislature ... was to ‘[obligate] aboard of appeals to act on an appeal within the statutory time period, otherwise the appellant prevails by default’ ”).
As for Count III, GBI’s assertion that Bylinski was required to send to GBI a time-stamped, certified copy *380 of the constructive approval of his application is simply unfounded in the language of G.L.c. 40A, §15. Judgment will also enter for the defendants on Count III.
III. Validity of the Building Permit
As the court has already concluded, the ZBA had jurisdiction to consider Bylinski’s challenge to GBI’s building permit and properly constructively granted Bylinski’s appeal, resulting in revocation of the permit. Under G.L.c. 40A, §17, the court may test the relief the ZBA constructively granted to Bylinski “to determine whether facts exist which would have enabled the board to grant the relief.” DiGiovanni v. Board of Appeals of Rockport, 19 Mass.App.Ct. 339, 345 (1985) (“Zoning relief granted constructively is not beyond judicial review” (citation omitted)). The court concludes that the ZBA would have been correct in revoking GBI’s building permit because 103 Shore Road is not eligible for grandfathering.
General Laws c. 40A, §6 includes several grandfathering provisions protecting lots from zoning increases in area, frontage, width, yard, or depth requirements. Both provisions contain certain conditions for grandfathering and, of importance here, minimum area and frontage requirements. The first provision, which applies to lots that were not held in common ownership at a certain time, requires that the lot in question have at least 5,000 square feet of area and 50 feet of frontage. The second provision, which applies to lots that were held in common ownership at a certain time, requires at least 7,500 square feet of area and 75 feet of frontage. 103 Shore Road falls short under both provisions in frontage, having only 47.5 feet of frontage.[7] The facts therefore clearly indicate that the ZBA would have been able to grant the relief it ultimately granted constructively, revocation of GBI’s building permit.®
ORDER
Based on the foregoing, it is hereby ORDERED that judgment shall enter for defendants Colin Haire, Harold Davis, and Joseph Fitzpatrick as members of the Douglas Zoning Board of Appeals, and for defendant Joseph Bylinski. The constructive revocation of plaintiff Guaranteed Builders & Developers, Inc.’s building permit by the Douglas Zoning Board of Appeals is AFFIRMED.

The other defendants, Colin Haire, Harold Davis, and Joseph Fitzpatrick, were sued in their capacities as members of the Zoning Board of Appeals of the Town of Douglas.

Evidence was admitted, and the court so finds, that numerous lots upon Wallum Lake have been improved in the same manner as done by Bylinski and is sought herein by plaintiff. The original lots at the lake are almost all undersized and do not meet current zoning frontage or set back requirements. Variances have been routinely granted by the planning board to allow these lots to be improved.

State statutes governing the permitting procedure, as well as the Douglas by-laws, do not require notice to abutters when building permits are issued.

General Laws c. 40A, §15 provides: ‘The decision of the board shall be made within one hundred days after the date of the filing of an appeal, application or petition . . . Failure by the board to act within said one hundred days . . . shall be deemed to be the grant of the appeal, application or petition.”

“Whether notice is adequate is a question of fact that depends on the particular circumstances . . .” Connors, 460 Mass. at 798 n.10.

Neither of the parties address Bylinski’s standing to appeal under §8, which requires that the petitioner be “aggrieved.” The court notes, however, that abutters to the property under review enjoy a presumption of standing. See 81 Spooner Rd., LLC, 78 Mass.App.Ct. at 241, citing G.L.c. 40A, §11.

It appears that the Douglas zoning by-laws previously contained a grandfathering provision, but it was repealed in 2004, before GBI’s building permit was even considered.

At the trial, GBI’s counsel focused on the equities of the situation, which the court recognizes as being somewhat in favor of GBI. As the Supreme Judicial Court has stated, however, G.L.c. 40A, §17’s provision that a court may “make such other decree as justice and equity may require” “merely requires ‘a decree according to law.’ ” Wendy’s Old Fashioned Hamburgers of N.Y., Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 381 n.21 (2009) (citation omitted). It does not “permití] a reviewing court ‘to invade the whole area of administrative discretion.’ ” Id. (citation omitted).