JOHN W. RICHARDSON, trustee in bankruptcy,[1] *vs.* BOARD OF APPEALS OF CHILMARK & another.[2] No. 11-P-961. June 11, 2012. *Zoning*, Notice, Timeliness of appeal, Building permit. *Notice. Building Permit. Laches.*

In January of 2005, Jacqueline Carlin began this action in the Land Court to enjoin the construction of a large single-family dwelling on the property of her neighbor, Edwin C. Cohen, in the town of Chilmark (town).[3] She alleged a zoning by-law violation related to the issuance of his building permit in September of 1999.[4] The town zoning enforcement officer and board of appeals (board) had denied Carlin's multiple enforcement requests. A judge of the Land Court ordered the entry of summary judgment dismissing her appeal.[5] After reviewing the record and governing law de novo, *Miller* v. *Cotter*, 448 Mass. 671, 676 (2007), and examining all factual materials in the light most favorable to Carlin, *Jupin* v. *Kask*, 447 Mass. 141, 143 (2006), we affirm. The undisputed material facts reveal (1) that Carlin had constructive notice of the issuance of the permit in 1999 and failed to file a timely appeal; and (2) that Carlin's delay in raising the alleged zoning by-law violation warrants application of the doctrine of laches to bar her appeal.

---

[1]Of the estate of Jacqueline Carlin Melcher.

[2]Fool's High Tide, LLC, current owner of the contested property and successor in interest of Edwin C. Cohen.

[3]The building permit authorized Cohen to demolish and replace a small dwelling with a larger one.

[4]According to Carlin, Cohen's property lacked adequate frontage.

[5]John W. Richardson, the plaintiff-appellant, is the bankruptcy trustee for Carlin's estate. For simplification, we refer to this appeal as Carlin's.

*Notice.* "[A] party with adequate notice of an order or decision that violates a zoning provision must appeal that order or decision to the appropriate permit granting authority within the thirty-day period allotted for such an appeal. G. L. c. 40A, §§ 8, 15." *Gallivan* v. *Zoning Bd. of Appeals of Wellesley*, 71 Mass. App. Ct. 850, 857 (2008). Adequate notice may be actual or constructive. *Id.* at 859. A party has constructive notice when the evidence is "sufficient to place on [that party] a duty of inquiry" regarding the building permit's issuance. *Ibid.*

The following undisputed facts lead us to conclude that, although "difficult questions concerning adequacy of notice may arise at the margins," *Connors* v. *Annino*, 460 Mass. 790, 798 n.10 (2010), Carlin had constructive notice of the issuance of the permit on September 11, 1999. By that time, Carlin had hired an attorney, Daniel Larkosh, to assist with her opposition to the proposed construction on Cohen's property.[6] By his own admission, Larkosh had seen plans of the proposed construction and had been "intimately involved in all the proceedings and met with members of the town." Moreover, Carlin had vigilantly monitored Cohen's plans for construction and fought his efforts at multiple steps. In April of 1999, for example, Carlin had filed a complaint in the Superior Court appealing from the issuance of a septic system upgrade permit to Cohen. In that complaint, Carlin acknowledged Cohen's plans to build a large single-family dwelling on his property.

These undisputed facts establish Carlin's awareness of Cohen's intention to begin construction on his property as soon as possible. We are satisfied that she possessed evidence more than "sufficient to place on [her] a duty of inquiry" into the building permit's issuance on September 11, 1999. *Gallivan* v. *Zoning Bd. of Appeals of Wellesley, supra* at 859. Construction began in the fall of 2001. It is undisputed that she first requested revocation of the permit by letters to the town building inspector (the permit granting authority) by letters dated June 20 and September 21, 2004. She then appealed from the building inspector's inaction to the defendant board on October 8, 2004. The board denied the appeal on December 14, 2004. The appeal to the Land Court followed.

Carlin's failure to appeal within thirty days of issuance of the permit on September 11, 1999, required the entry of summary judgment in favor of Cohen and dismissal of her complaint. *Connors* v. *Annino, supra* at 791. The Land Court judge correctly concluded that Carlin's subsequent enforcement requests could not resurrect the neglected appeal for which she possessed actual or constructive notice. See *Gallivan* v. *Zoning Bd. of Appeals of Wellesley, supra* at 859-860.

*Laches.* As an independent ground of decision apparent on the record, we find the doctrine of laches applicable to bar Carlin's appeal.[7] See *Champagne* v. *Commissioner of Correction*, 395 Mass. 382, 386 (1985) (appellate court

---

[6]In testimony in Carlin's divorce case in California on January 13, 2000, Carlin asked Larkosh, "Are you representing me in attempting to prevent the relocation of a house in front my house at Stonewall Beach [in the town of Chilmark]?" He responded, "That's correct."

[7]Laches cannot bar a municipality from the enforcement of its own zoning standards. *Cape Resort Hotels, Inc.* v. *Alcoholic Lic. Bd. of Falmouth*, 385 Mass. 205, 224-225 (1982), and cases cited. That rule implements the principle that error or inaction cannot forfeit the public interest embodied in valid health, safety, and welfare provisions

may affirm summary judgment for any reason supported by record). Here, although Carlin had adequate notice of the issuance of the building permit in September of 1999, and therefore had actual or chargeable knowledge of the alleged zoning by-law violation at that time, she failed to raise the issue until almost five years later, in 2004. Carlin contends that her chargeable knowledge of the permit could begin only with the formal commencement of construction in the autumn of 2001 and that the permit would have expired by that point. Even if we were to assume such facts, she would still have delayed her challenge to the permit for more than two additional years as she watched the construction take shape. By that time Cohen had invested significant time and resources in the project. Although Carlin directs our attention to her achievement of an injunction against the construction by an action in the Land Court in 2001 claiming easement rights across Cohen's property — subsequently dissolved in 2003 — she failed to raise the alleged zoning by-law violation in that proceeding. The accomplishment of the injunction does not excuse her delay.

Improper claim splitting cannot circumvent prejudicial delay. In effect, Carlin has now pursued three judicial actions against the neighboring structure: the 1999 Superior Court suit appealing from the municipal permit for a septic system upgrade; the 2001 Land Court action alleging infringement of her beach access easement; and the present (2005) Land Court challenge to the issuance of the building permit. See generally *Boyd* v. *Jamaica Plain Co-op. Bank*, 7 Mass. App. Ct. 153, 163-164 (1979). Her delay here was unjustified, unreasonable, and prejudicial. See *Srebnick* v. *Lo-Law Transit Mgmt., Inc.*, 29 Mass. App. Ct. 45, 49 (1990). Accordingly, as a matter of equity, the doctrine of laches independently justifies summary disposition of Carlin's appeal. See *Myers* v. *Salin*, 13 Mass. App. Ct. 127, 137-140 (1982); *Garabedian* v. *Westland*, 59 Mass. App. Ct. 427, 437-438 (2003). Contrast *Cornell* v. *Michaud*, 79 Mass. App. Ct. 607, 615-616 (2011) (defendant's harm was self-inflicted, and not caused by delayed litigation by plaintiffs).

*Judgment affirmed.*

*Mark J. Lanza* for the plaintiff.
*Diane C. Tillotson* for Fools High Tide, LLC.
*James B. Lampke*, for town of Chilmark, was present but did not argue.

---

misapplied or unapplied by governmental officers. See *McAleer* v. *Board of Appeals of Barnstable*, 361 Mass. 317, 322-323 (1972).

In a private dispute between landowners, in which the municipality has independently represented the public interest, no comparable policy bars one private adversary from assertion of laches against the other in circumstances in which the bar of laches would sustain the municipal determination of the public interest. See *Cape Resort Hotels, Inc.* v. *Alcoholic Lic. Bd. of Falmouth*, *supra* at 224 n.12.