NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-128

ANNE HALLET

vs.

ZONING BOARD OF APPEALS OF BILLERICA & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment entered by a Land Court judge that dismissed as untimely her G. L. c. 40A, § 7 appeal.  We affirm.

Background.  In November 2022, the town of Billerica awarded a bid to the defendant, Habitat for Humanity (Habitat), to build affordable housing.  A building permit was issued by the defendant building commissioner (commissioner)[2] on December 4, 2023.  On December 13, 2023, the plaintiff, whose property

_____

[1] Building commissioner of Billerica and Habitat for Humanity of Greater Lowell, Inc.

[2] The defendant is also referred to as the building inspector, zoning enforcement officer, and the director of permitting.

abuts the lot, requested that the commissioner enforce the zoning bylaws pursuant to G. L. c. 40A, § 7, and deny the permit application due to "insufficient lot area and additional zoning noncompliance." The commissioner responded by e-mail message on December 19, 2023, informing the plaintiff that the permit had been approved and issued on December 4, 2023.

On December 20, 2023, the plaintiff again asked the commissioner to enforce the zoning bylaws and revoke the building permit. The plaintiff argued that the lot did not meet the minimum size to build a single-family home, nor did it meet the reduced lot size minimum for affordable housing. She additionally stated that there was no evidence that the lot had a prior nonconforming use, and therefore, the lot should not be afforded protection from having to meet these minimum size requirements. The commissioner responded and informed her that she could appeal the issuance of the permit to the defendant zoning board of appeals (board).

On January 11, 2024, the plaintiff appealed to the board. After a hearing, the board voted to deny the appeal and ruled that the permit was granted because of a prior nonconforming use.

The plaintiff filed the instant complaint in the Land Court, and the defendants moved to dismiss. The judge agreed that the plaintiff was barred from appealing because she did not

2

file a direct appeal to the board within thirty days of the permit's issuance.  This appeal followed.

Discussion.  There are two pathways that a party may take to challenge the issuance of a building permit for violating a zoning bylaw.  See Barkan v. Zoning Bd. of Appeals of Truro, 95 Mass. App. Ct. 378, 384 (2019).  "The first is by appealing from the issuance of the permit to the local board of appeals pursuant to G. L. c. 40A, § 8."  Id.  An appeal from a permit under G. L. c. 40A, § 8, is required to be filed within thirty days from the date the permit was issued.  G. L. c. 40A, § 15.  "The second potential pathway for challenging the validity of a building permit is through requesting town enforcement of the zoning bylaw pursuant to G. L. c. 40A, § 7."  Barkan, supra.  The plaintiff chose to pursue the second pathway.  However,

> "when a party with adequate notice of the issuance of a building permit claims to be aggrieved by the permit on the ground that it violates the zoning code, the party must file an administrative appeal within thirty days of the permit's issuance; a failure to do so deprives the board or other permit granting authority, and later the courts, of jurisdiction to consider the appeal."

Connors v. Annino, 460 Mass. 790, 797 (2011).

The plaintiff contends that she was not aggrieved at the time the permit was issued and therefore she could not have appealed under G. L. c. 40A, § 8.  However, because the plaintiff is an abutter, there is a presumption that she was aggrieved.  See Murray v. Board of Appeals of Barnstable, 22

3

Mass. App. Ct. 473, 476 (1986). "Abutters are entitled to a rebuttable presumption that they are 'aggrieved' persons under the Zoning Act and, therefore, have standing to challenge a decision of a zoning board of appeals." 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012). Although the presumption does not shift the burden of proof on standing, it places the initial burden on the adverse party to present evidence "to warrant a finding contrary to the presumed fact" of the plaintiff's aggrievement. Id. at 701. "[W]hen a defendant fails to offer evidence warranting a finding contrary to the presumed fact, the presumption of aggrievement is not rebutted, [and] the abutter is deemed to have standing." Id.

At the time the plaintiff requested enforcement, she was presumed to be an aggrieved party. See 81 Spooner Rd., LLC, 461 Mass. at 700-701. She therefore "may not lawfully bypass [§ 8] and subsequently litigate the question by means of a request for enforcement under G. L. c. 40A, § 7." Connors, 460 Mass. at 796, quoting Gallivan v. Zoning Bd. of Appeals of Wellesley, 71 Mass. App. Ct. 850, 857 (2008). Once an aggrieved party has requested enforcement by the commissioner, the party is subject to strict statutory deadlines regarding any appeals. See Barkan, 95 Mass. App. Ct. at 385.

Because the permit was granted on December 4, 2023, the plaintiff had until January 4, 2024, to appeal. She did not.

4

"Where the 'decision' of the building commissioner is the issuance of a building permit, it is reasonable and consistent with the statutory scheme to require the aggrieved party to comply with the route prescribed in §§ 8 and 15 if the party has adequate notice of the permit's issuance and therefore an ability to meet the thirty-day limitation."

Connors, 460 Mass. at 798. The plaintiff had notice as early as December 19, 2023, more than fifteen days before the thirty-day appeal period would expire.

The plaintiff's argument that Connors is not applicable here because that case did not include a valid § 7 enforcement request is unavailing. Connors details when an aggrieved party may bring an enforcement request under § 7 and subsequently appeal under §§ 8 and 15. See Connors, 460 Mass. at 797. An aggrieved party may request enforcement under § 7 if "(1) the aggrieved party had not received adequate notice of the issuance of the permit, (2) the allegedly offending structure was built without a building permit, and (3) the structure was built in a manner that exceeded the scope of a permit." Barkan, 95 Mass. App. Ct. at 385. See Connors, supra at 797-798 & n.9. The plaintiff's circumstances do not fall under any of these scenarios; she had adequate notice of the issuance of the permit, and when she requested enforcement, the building had not been built. See Connors, supra. Accordingly, pursuing an

5

appeal under §§ 8 and 15 was the exclusive path for the plaintiff to challenge the permit.  See <u>Barkan</u>, <u>supra</u>.

<u>Judgment affirmed</u>.

By the Court (Blake, C.J., Neyman & Grant, JJ.[3]),

*Paul Little*

Clerk

Entered: December 18, 2025.

---

[3] The panelists are listed in order of seniority.