RICHARD K. BENDETSON, trustee,[1] *vs.* BUILDING INSPECTOR
OF REVERE.

No. 93-P-463.

Suffolk. March 7, 1994. - June 6, 1994.

Present: PERRETTA, FINE, & GILLERMAN, JJ.

*Res Judicata. Judgment,* Preclusive effect. *Zoning,* Building inspector,
Enforcement.

Principles of claim preclusion barred an action in the nature of mandamus
seeking an order to compel the enforcement of a municipal zoning ordi-
nance where the claim could have been, but was not, raised in a prior
proceeding in the Land Court involving the same parties and the same
subject: the entitlement of the owners of certain property to an occu-
pancy permit under the zoning ordinance. [618-621]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 22, 1991.

The case was heard by *Charles F. Barrett*, J., on a motion
for summary judgment.

*Catherine J. Savoie* for the plaintiff.

*Richard B. Villiotte*, City Solicitor, for the defendant.

GILLERMAN, J. We must decide whether, as the defendant
argues, the present action in the nature of mandamus to
compel the building inspector of the city of Revere to enforce
the Revere zoning ordinance is barred by claim preclusion.[2]
We conclude that the doctrine does apply to these proceed-

---

[1]Of the Exeter House Realty Trust.

[2]"The doctrine of claim preclusion makes a valid, final judgment conclu-
sive on the parties and their privies, and bars further litigation of all mat-
ters that were or should have been adjudicated in the action." *Heacock* v.
*Heacock*, 402 Mass. 21, 23 (1988). The plaintiff argues that the doctrine
does not apply only because there is not an identity of claims in this case
and in the prior Land Court case discussed in the text. Thus we will con-
fine our discussion of the doctrine to that single issue.

ings, and that the judge was correct in allowing the defendant's motion for summary judgment, and thereafter entering a final judgment for the defendant.

1. *Prior proceedings.* On February 28, 1990, Ralph Caruso and Stephen Caruso, trustees of the R&S Realty Trust, filed a verified complaint in the Land Court against the building inspector of the city of Revere and his assistant (Land Court action). The complaint sought an injunction requiring the building inspector to issue a certificate of occupancy for the land and building at 320 Charger Street, Revere, which the trustees owned. R&S Realty Trust alleged that the building inspector believed that all building code and zoning ordinance requirements had been met, but that on or about February 2, 1990, he, the inspector, had received a letter from counsel to an abutter that the intended use of 320 Charger Street was not a permitted use in the industrial zone and, therefore, would violate the Revere zoning ordinance. Less than two months later, the plaintiff in this action (Bendetson)[3] moved to intervene in the prior Land Court action. The motion was allowed, and Bendetson became a defendant in the prior proceedings.[4]

With regard to the Land Court action, Bendetson, as appellant in these proceedings, has not included in the record before us (i) his motion to intervene, (ii) the answer he filed to the complaint, (iii) the stipulation of uncontested facts the parties filed with the judge, (iv) any portion of the testimony

---

[3]The plaintiff, Richard K. Bendetson, is the trustee of Exeter House Realty Trust, which holds title to a ninety-one unit, four-story residential apartment building at 315 Charger Street in Revere, directly across the street from the property at issue in these proceedings (the locus). The locus includes a two-story office building and a garage-maintenance structure with fourteen bays, and is owned by R&S Realty Trust ("R&S"), the plaintiff in the Land Court action. A portion of the office space and all of the garage-maintenance section is leased to Laidlaw Waste Systems (Laidlaw), a refuse collection company.

[4]The record before us does not include the letter of February 2, 1990, from the abutter's counsel, but because it was the plaintiff in these proceedings — Bendetson — who intervened in the Land Court action shortly thereafter, we assume that the abutter referred to in the Land Court complaint was the party (Bendetson) who intervened.

of the three-day trial, or (v) a copy of the posttrial memorandum of law submitted to the judge of the Land Court.

What we do have regarding the prior Land Court action — and the basis upon which we must decide the issue of claim preclusion — is a copy of the complaint, a copy of the decision of the judge of the Land Court, a copy of a letter from Bendetson's counsel to the building inspector dated October 1, 1990 (five months before the final day of the Land Court trial, April 2, 1991), and a copy of the relevant provisions of the zoning ordinance of the city of Revere.[5]

The purpose of Bendetson's letter of October 1 was to complain about the use of the property at 320 Charger Street. After referring to the then pending Land Court action in which the inspector was a codefendant, the letter argues that the property at 320 Charger Street is used for the storage of a "fleet of trash collection vehicles and trash containers," and that such use violates the zoning ordinance of the city of Revere because the outdoor storage of vehicles is available "only when incidental to the operation of a business or industry" as provided in § 17.16.720 of the Revere zoning ordinance.

The judge of the Land Court in the prior proceedings found — and there is no basis on this scant record to challenge the finding — the use of the premises to be the following: "The garage/maintenance portion is used for minor repairs of Laidlaw's vehicles. The fenced in black-topped area behind and on the sides of the Structure is used to park Laidlaw's seventy-seven vehicles. The vehicles are off-site during the day, they return approximately between 3:00 P.M. and 4:00 P.M. and leave approximately between 6:00 A.M. and 9:00 A.M."[6]

---

[5]We also know that the Land Court case was consolidated with two other cases (with which we need not be concerned).

[6]The plaintiff's argument that these findings are relevant only to the request for a fuel storage license is plainly wrong. While the findings appear in the judge's discussion of a fuel storage permit, they are plainly findings of fact for all relevant purposes in the case. Furthermore, the judge's decision in the present proceedings states that the "parties do not dispute" that the use of the land is as described by the Land Court judge.

On the basis of his findings of fact, the Land Court judge confirmed his earlier preliminary injunction ordering the issuance of an occupancy permit. He concluded that the "present uses" of the land and buildings at 320 Charger Street were in compliance with the Revere zoning ordinance because the uses to which the property was being put were allowed as of right in an industrial zone.[7] Section 17.48.130 of the Revere zoning ordinance provides that the building inspector is authorized to issue occupancy permits provided that there has been compliance with all the provisions of the Revere zoning ordinance regarding the building and "the use of the . . . premises in question."

According to the judge's decision, Bendetson also argued that the occupancy permit should not issue because (i) the structure violated the area limitations set forth in the State building code, and (ii) because the plaintiffs did not have a required fuel storage license. The judge dismissed both arguments as being without merit.

Most important, the judge's decision made no reference to the argument made in these proceedings (and in Bendetson's October 2, 1990, letter) — that the certificate of occupancy should not issue because the use of the premises constitutes the outdoor storage of vehicles and containers and thereby violates the zoning ordinance of the city of Revere. We must assume that the omission of any reference to that argument is attributable to the failure of Bendetson to put that argument forward in the trial court. That argument, then, is made for the first time in these proceedings.

There is no dispute that the judgment in the prior Land Court proceedings was entered with prejudice and is a valid and final judgment binding upon the parties.

2. *Discussion.* Claim preclusion forecloses the litigation of all matters that were or should have been litigated in the first action. See note 2, *supra.* See also *Dowd* v. *Morin,* 18 Mass.

---

[7]The judge cited § 17.60.040 of the Revere zoning ordinance, sub-paragraph "B" of which provides that the building inspector may not grant any certificate or permit for any new use of a building or land which would be in violation of the Revere zoning ordinance.

App. Ct. 786, 793 (1984) (the doctrine of res judicata assures that judgments are conclusive, and precludes relitigation of issues that were or could have been raised in the original action). The purpose of the rule is to prevent the splitting of a cause of action where the party to be precluded had both the opportunity and the incentive to litigate the matter fully in the first lawsuit. *Heacock* v. *Heacock*, 402 Mass. 21, 24 (1988).

Bendetson's argument is simply that, on the undisputed facts found by the judge in the Land Court, there is a demonstrated violation of the provisions of the Revere zoning ordinance (§ 17.16.270) arising out of the alleged "storage" of motor vehicles and containers on the property. Bendetson acknowledges that this argument was never raised or decided in the Land Court action, and the question before us is whether the claims extinguished in the first action and the claims asserted in these proceedings arose out of the same transaction or series of transactions. See Restatement (Second) of Judgments § 24(1) (1982); *Saint Louis* v. *Baystate Med. Center, Inc.*, 30 Mass. App. Ct. 393, 399 (1991). The issue is to be determined "pragmatically." Restatement (Second) of Judgments § 24(2) (1982). "Whether the facts are related in origin or motivation and whether they form a convenient trial unit are among the considerations." *Saint Louis, supra* at 399. If the second action merely presents "different . . . legal theories to support . . . [the] claim, or seeks different remedies," the second action is barred. *Heacock, supra* at 23.

It is clear to us that Bendetson's argument is merely a new legal theory for the claim that the defendants asserted in the prior Land Court proceedings — that the owners of 320 Charger Street were not entitled to an occupancy permit. It makes no difference, for claim preclusion purposes, whether Bendetson argues, as he does in these proceedings, that the occupancy permit should not issue because of violations of the "storage" provisions of the Revere zoning ordinance, or whether he argues, as he did in the prior proceedings, that the occupancy permit should not issue because of violations

of the provisions of the State building code or the provisions of law relating to the storage of fuel.[8] All of these arguments arise out of and attempt to characterize the same set of operative facts — the actual use of the property in question.

The Land Court judge expressly concluded that the owners of 320 Charger Street were entitled to an occupancy permit because their use of the property was "allowed as of right in an industrial zone under the [Revere zoning] ordinance." Bendetson took no appeal from that final judgment, and we accept that judgment as correct. See *Reilly* v. *Local 589, Amalgamated Transit Union*, 31 Mass. App. Ct. 633, 642 (1991). He is not now entitled to reopen the issue of the Revere zoning ordinance and relitigate the claim of the unavailability of an occupancy permit on yet another theory. This is especially so given Bendetson's letter of October 1, 1990 (well before the completion of the Land Court action), where the present formulation of Bendetson's claim is clearly stated.[9]

---

[8]Bendetson attempts to construct the argument that the Land Court judge merely considered whether the occupancy permit should issue for the use of the premises as a maintenance facility and executive offices, that being the intended use stated in the application for the permit — and that that is a different matter entirely from the present claim that the permit should not issue because of the alleged unlawful storage of vehicles. It is sufficient to note that an occupancy permit may not issue under the Revere zoning ordinance unless the applicant is in compliance with *all* the provisions of the ordinance, see § 17.48.130, and the judge found that the applicant was in full compliance with the zoning ordinance.

[9]We reject Bendetson's argument that the building inspector waived the defense of res judicata by failing to plead it as an affirmative defense in its answer. Massachusetts R.Civ.P. 8(c), 365 Mass. 750 (1974), requires that res judicata be pleaded, see Smith & Zobel, Rules Practice § 8.6, at 198 (1974 & Supp. 1994), and failure to comply with this rule, without more, is sufficient for holding that the defense is not available to a defendant for the first time on appeal. See, e.g., *Middlesex & Boston St. Ry. Co.* v. *Aldermen of Newton*, 371 Mass. 849, 859 (1977); *Anthony's Pier Four, Inc.* v. *HBC Assocs.*, 411 Mass. 451, 471 (1991). However, we consider the defense properly asserted here where the defendant raised the argument in his brief in opposition to the plaintiff's motion for summary judgment, and the plaintiff raised a counter-argument in his reply brief. Cf. *Anthony's Pier Four Inc.* v. *HBC Assocs.*, *supra* at 471 (where party did not plead waiver as affirmative defense, *and* issue was not raised or consid-

Bendetson was obliged in the first action to put forward every reason, every argument, and every theory he intended to assert as grounds for the illegality of an occupancy permit; there was no legal impediment to his doing so. He cannot choose to hold back one theory to await the outcome of different theories. To permit that possibility would defeat the goal of judicial efficiency and the conclusiveness of judgments. See *Olmstead* v. *Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984); *Matter of Howe*, 913 F.2d 1138, 1143-1147 (5th Cir. 1990).

*Judgment affirmed.*

ered in trial court, the defense could not be raised for the first time on appeal).