RONNINGEN vs. CALNAN, MISC 19-000606

































 
 KEVIN RONNINGEN, Plaintiff, v. PATRICK B. CALNAN, et al., as Members of the Zoning Board of Appeals for the City of Lynn; and CHARLES PETERSON, as Trustee of the Urban Street Realty Trust u/d/t dated June 30, 2017, Defendants
 MISC 19-000606 
 JANUARY 20, 2021
ESSEX, ss.
VHAY, J.
DECISION














 Plaintiff Kevin Ronningen owns a home at 214 Judge Road in Lynn, Massachusetts. His property appears on a subdivision plan dated August 27, 2002 (the "August 2002 Plan"), a plan that was approved and recorded at the district registry later that year. Defendant Charles Peterson, as trustee of the Urban Street Realty Trust, owns other land shown on the August 2002 Plan, including a property at 218 Judge Road. 





 Since the summer of 2018, Mr. Ronningen has been challenging Trustee Peterson's attempts to build a single-family home on 218 Judge Road. Owing to the doctrines of issue preclusion and claim preclusion, Ronningen's first challenge to the Trustee's efforts, which resulted in a May 2019 judgment from the Essex Superior Court (modified in July 2020), prevents his bringing this case, which is a second challenge to the identical development on the identical property. The Court will thus affirm the decision of the defendant members of the City of Lynn's Zoning Board of Appeals (the "Board") and dismiss Count I of Ronningen's First Amended Complaint (the only unresolved part of this case [Note 1]), although as will be explained below, the flavor of this dismissal differs from the earlier one. 





 Mr. Ronningen, the Trustee, and the Board are before this Court on a motion by defendants, a motion that the Court is treating as one for summary judgment. [Note 2] These are the undisputed facts. On June 26, 2018, Ronningen heard that building-permit applications had been filed for 218 Judge Road and an abutting parcel. Ronningen went that same day to the City of Lynn's Inspectional Services Department ("ISD") and asked to speak with the City's chief building inspector. Ronningen told the inspector that both Judge Road parcels lacked enough frontage to be buildable lots. Ronningen also told the inspector that the parcels were subject to a covenant, imposed by the City's planning board, that capped the total number of residences that could be built on the lots shown on the August 2002 Plan. Ronningen believed the construction cap had been met, and thus he thought that nothing could be built on the Judge Road parcels without the planning board's approval. 





 Mr. Ronningen followed up with building inspector on June 27, 2018. On June 28, 2018, the inspector replied that he was "still looking into zoning compliance permit applications submitted but NOT approved to date." 





 On July 11, 2018, Mr. Ronningen returned from work to find excavators tearing down trees and carving paths on both Judge Road parcels. Ronningen immediately alerted the chief building inspector. He reportedly told Ronningen that building permits for both parcels (the "2018 Building Permits") had issued the previous day, July 10, 2018. One of two permits allowed construction of a house foundation on 218 Judge Road. The inspector said he could do nothing more for Ronningen. 





 Connors v. Annino, 460 Mass. 790 , 797 (2011), holds that under c. 40A, §§ 8 and 15, challenges to a building permit must be filed with a local zoning board of appeals within 30 days of issuance of the permit, if the aggrieved party has "adequate notice of the issuance of a building permit. . . ." Mr. Ronningen filed with the Board an appeal (the "2018 Board Appeal") from the issuance of the 2018 Building Permits. He did so on August 6, 2018, which is within 30 days of July 10, 2018. The Board scheduled the 2018 Board Appeal for a hearing. But shortly before that hearing, Ronningen learned that the 2018 Building Permits actually issued on July 3, 2018, meaning that he had filed the 2018 Board Appeal four days late. And perhaps for that reason, in a terse decision (the "2018 Board Decision"), the Board denied the 2018 Board Appeal. 





 Mr. Ronningen appealed the 2018 Board Decision to the Superior Court under c. 40A, § 17, in what became the Superior Court Action. He named as defendants the Board and Trustee Peterson. Ronningen challenged the 2018 Building Permits on four grounds, but chief among his contentions were that (a) the Trustee hadn't received from the planning board permission to build residences on the Judge Road parcels; and (b) the parcels lacked sufficient frontage under the City of Lynn's zoning ordinances. 





 Trustee Peterson and the Board moved to dismiss the Superior Court Complaint. They argued that Mr. Ronningen had filed the 2018 Board Appeal too late. To his credit, at argument in the Superior Court on May 16, 2019, Ronningen agreed that Connors barred the claims he pleaded in the Superior Court Complaint. Thus, by order entered on May 21, 2019, the Superior Court granted the Trustee and the Board's motion. The court dismissed the Superior Court Action and entered the May 2019 Judgment, a "Judgment on Motion to Dismiss." According to a July 21, 2020 order of the Superior Court, the May 2019 Judgment also should have stated that the court had dismissed the Superior Court Action with prejudice. The modified July 2020 Judgment, a "Corrected Judgment on Motion to Dismiss," made the dismissal expressly "with prejudice." 





 Mr. Ronningen didn't appeal the May 2019 Judgment or the July 2020 Judgment. Within weeks of the May 2019 Judgment, Trustee Peterson applied for a second building permit, a "superstructure" permit, this one only for 218 Judge Road. ISD granted the permit (the "2019 Building Permit") in June 2019. Ronningen timely appealed the 2019 Building Permit to the Board under c. 40A, §§ 8 and 15. But on November 19, 2019, in another terse decision (the "2019 Board Decision"), the Board denied Ronningen's appeal. 





 In his First Amended Complaint in this case, Mr. Ronningen claims that the 2019 Board Decision was unlawful, and ISD shouldn't have issued the 2019 Building Permit, because (a) Trustee Peterson still hasn't received the planning board's permission to build a residence on 218 Judge Road; (b) 218 Judge Road still lacks sufficient frontage; (c) "[t]he Zoning Board and ISD inappropriately relied upon the recording of plans pursuant to MASS. GEN. L. ch. 41, § 81P to conclude that [218 Judge Road] constitutes a buildable lot" (First Amended Complaint, ¶ 63); (d) 218 Judge Road doesn't qualify for any exception to the City's minimum-frontage requirements under zoning; (e) the Board had failed to send him notice of the 2019 Board Decision in accordance with "G.L. ch. 41, § 15" (First Amended Complaint at ¶ 67; Ronningen probably meant to say G.L c. 40A, § 15); and (f) "materials obtained from the City Clerk incorrectly state that the [2019 Board Decision] was unanimous" (First Amended Complaint at ¶ 68). 





 Trustee Peterson and the Board argue that the July 2020 Judgment bars the claims in Mr. Ronningen's First Amended Complaint. This Court agrees. 





 The July 2020 Judgment first prevents Ronningen from relitigating two specific issues: the date of the issuance of the first building permit for 218 Judge Road (July 3, 2018), and the date he first learned that ISD had issued that permit (July 11, 2018). The doctrine of issue preclusion "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies." Heacock v. Heacock, 402 Mass. 21 , 23 n.2 (1988). See also Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132 , 134 (1998) (same). It's undisputed that the Superior Court Action resolved all disputes over the date of 218 Judge Road's first building permit and when Ronningen first learned of it. Determining those two dates was essential to the Superior Court's final decision in the case, and the parties to that Action and this one are identical. Ronningen thus can't challenge (and doesn't dispute) that he learned of the first building permit for 218 Judge Road with enough time to appeal it under c. 40A, §§ 8 and 15. 





 The July 2020 Judgment also prevents Mr. Ronningen from presenting the claims in his First Amended Complaint. "[C]laim preclusion requires three elements: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) [a] prior final judgment on the merits.'" DeGiacomo v. City of Quincy, 476 Mass. 38 , 41 (2016), quoting Kobrin v. Board of Reg. in Med., 444 Mass. 837 , 843 (2005). If the court determines that all three DeGiacomo elements are present, a party is precluded in a second or subsequent action from raising any claims as to "all matters that were or should have been adjudicated in the [prior] action." Heacock, 402 Mass. at 23. 





 Mr. Ronningen concedes that the first DeGiacomo element is present here: the parties to this action and the Superior Court Action are identical. He disputes the presence of the other two elements, but his arguments fail. "'A claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions.' 'The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, agreement, and seeks redress for the same wrong.'" TLT Constr. Corp. v. A. Anthony Tappe & Assocs., 48 Mass. App. Ct. 1 , 8 (1999), quoting Saint Louis v. Baystate Med. Center, 30 Mass. App. Ct. 393 , 399 (1991); Mackintosh v. Chambers, 285 Mass. 594 , 596 (1934) (brackets in TLT; citations omitted). "What constitutes a transaction or series of connected transactions should be 'determined pragmatically,' considering whether the facts in each are related in origin or motivation and form a convenient trial unit, for the policy reason that 'parties and the judiciary should be spared repetitive actions based on the same wrong.'" Neli Ridge, LLC v. George, 25 LCR 555 , 562 (2017) (Foster, J.), quoting Saint Louis, 30 Mass. App. Ct. at 399; Restatement (Second) of Judgments § 24(2) (1980). The court also should examine whether the relief requested, and the applicable law, are identical in the two cases. See Petrillo v. Zoning Bd. of Appeals of Cohasset, 65 Mass. App. Ct. 453 , 458 (2006) (finding no preclusion where second zoning appeal presented bylaw issues that were distinct from those in a first zoning appeal, which granted a special permit). 





 Mr. Ronningen argues that his current claims differ from those he made in the Superior Court Action because this case doesn't involve either of the 2018 Building Permits - instead, he's challenging a newer permit, the 2019 Building Permit. It's also undisputed that the 2018 Building Permit for 218 Judge Road was for its "foundation only," while the 2019 Building Permit authorizes construction of an entire single-family home there. But Saint Louis requires this Court to probe further, to look at what would have happened had the Superior Court Action gone to trial on Ronningen's claims (assuming he had timely filed them) as compared to what would likely happen at a trial of the merits of this case. Where the arguments in both cases "arise out of and attempt to characterize the same set of operative facts -- the actual use of the property in question," Bendetson v. Building Insp. of Revere, 36 Mass. App. Ct. 615 , 620 (1994), the causes of action in both cases are the same for purposes of claim preclusion. 





 At oral argument on the Board and Trustee Peterson's renewed motion for summary judgment in this case, Mr. Ronningen conceded that his challenges in this case to the use of 218 Judge Road are identical to those he raised in the Superior Court Action, even if the ultimate targets of the two actions (in this case, the 2019 Building Permit; in the Superior Court Action, the 2018 Building Permit) differ. The facts that are material to resolving his claims as to the use of 218 Judge Road - the text of Lynn's zoning bylaws, the terms of the planning board's covenant, the number of residences that have been built on the lots shown on the August 2002 Plan, the dimensions of 218 Judge Road, and the location of the proposed 218 Judge Road residence and its foundation - are identical. Each case likewise calls for the same legal analysis: What does the covenant require? Has its cap been met? What constitutes "frontage" under Lynn's zoning ordinance? What are the exceptions to the ordinance's frontage requirements? Do those exceptions apply to 218 Judge Road? Since the underlying facts and legal issues in each case are the same, the claims in each case are identical for purposes of the doctrine of claim preclusion. So DeGiacomo's second claim-preclusion element is present in this case. 





 That leaves DeGiacomo's third element, whether the July 2020 Judgment is "on the merits." Here the parties' dispute enters an interesting metaphysical realm, but the Trustee and the Board still come out on top. 





 Rule 41(b)(3), Mass. R. Civ. P., provides that "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, or for improper amount of damages in the Superior Court . . . or the District Court . . . operates as an adjudication upon the merits." The July 2020 Judgment was the result of a "motion to dismiss," which is not among the dismissals elsewhere "provided for" in Rule 41, so one might think that Ronningen's challenge to the July 2020 Judgment as not being "upon the merits" is frivolous. 





 But Ronningen points to a key exception in Rule 41(b)(3), the one that applies to "a dismissal for lack of jurisdiction." "A complaint that is dismissed for lack of jurisdiction is not an adjudication on the merits. . . ." Bevilacqua v. Rodriguez, 460 Mass. 762 , 780 (2011) (construing Rule 41(b)(3)). See also Abate v. Fremont Inv. & Loan, 470 Mass. 821 , 836 (2015) (same observation). Recall that Ronningen lost the Superior Court Action because he didn't comply with the holding of Connors, that those who have knowledge of the issuance of a building permit must appeal it to a local zoning board of appeal within 30 days. Connors further holds that when one brings an appeal of a building permit too late, both the local board "and thereafter" the trial court "lack[] jurisdiction to hear the . . . appeal." Connors, 460 Mass. at 791; see also id. at 793, 799. A Connors type of dismissal, one for "lack of jurisdiction," thus is not the same as a dismissal on grounds of laches, or the failure to bring a case within a statute of limitations. The latter defenses that don't attack the court's jurisdiction, and if they are successful, they result in a judgment that's on the merits. See, for example, O'Connell v. White, 21 LCR 555 (2013) (Piper, J.) (dismissal on grounds of statute of limitations is "on the merits"), aff'd, 87 Mass. App. Ct. 1113 (2015) (Rule 1:28 decision). 





 Unfortunately, the very passage that Mr. Ronnigen quotes from Bevilacqua contains the reason why his Rule 41(b)(3) argument doesn't work. After stating that "[a] complaint that is dismissed for lack of jurisdiction is not an adjudication on the merits," Bevilacqua goes on to say: "It is thus inappropriate to attach preclusive effect to the dismissal beyond the matter actually decided - the absence of subject matter jurisdiction." Bevilacqua, 460 Mass. at 780 (emphasis added). What that means in cases like this one is this: if a court concludes that, because of an untimely filing under c. 40A, §§ 8 and 15, a local zoning board (and, by extension, the trial court under c. 40A, § 17) lacks jurisdiction over a zoning appeal, the resulting judgment resolves that question "with prejudice," as the Superior Court concluded in the Superior Court Action. See also Darlow v. Arlington Redevelopment Bd., 28 LCR ---, ---, 2020 Mass. LCR LEXIS 209, 6-7 (2020) (Foster, J.) (when a § 17 appeal is untimely, and the trial court loses jurisdiction over it, "there is no opportunity for the plaintiffs to bring their § 17 claim elsewhere," and the appeal must be dismissed with prejudice). That part of the judgment also has claim-preclusive effect, if the other two DeGiacomo elements are present.





 The Court thus holds that the July 2020 Judgment precludes Mr. Ronningen's claims in his 2019 Board Appeal. [Note 3] That means that, while the Board had jurisdiction over Ronningen's 2019 Board Appeal (he brought it within 30 days of issuance of the 2019 Building Permit), the Board was correct to dismiss that appeal. This Court thus must dismiss Ronningen's claims in Count I, not for lack of jurisdiction, but on account of the doctrines of issue and claim preclusion. While this conclusion is consistent with the observation in several cases that those challenging developments don't have multiple avenues open to them, see Gallivan v. Wellesley Zoning Board of Appeals, 71 Mass. App. Ct. 850 , 855-858 (2008), and don't have multiple bites at the apple, see Kuolas v. Chittick, 17 LCR 13 , 17 (2009) (Long, J.), quoting Martin R. Healy, 2 Massachusetts Zoning Manual § 13.3.5, at 13-19 (2005); Peters v. Oliveira, 21 LCR 417 , 419 (2013), this decision leaves for another day whether the Zoning Act compels this result, independent of how issue and claim preclusion work in this case. 





 Judgment to enter accordingly. 





FOOTNOTES
[Note 1] The First Amended Complaint used to have a Count II, just between Ronningen and the Trustee. They settled that dispute and have stipulated to dismissal of Count II with prejudice. 

[Note 2] The Board and the Trustee first moved for summary judgment, on grounds of issue preclusion, in March 2020. This Court denied that motion on the grounds that a final judgment issued by the Essex Superior Court in May 2019 (the "May 2019 Judgment"), in its Case No. 1877CV01500 (the "Superior Court Action"), was without prejudice. The Board and the Trustee then convinced the Superior Court in July 2020 to amend its Judgment to be "with prejudice" (the "July 2020 Judgment") as they claimed the "without prejudice" language in the May 2019 Judgment was a clerical error. Mr. Ronningen didn't appeal the July 2020 Judgment. The Board and the Trustee then moved for reconsideration of this Court's earlier summary-judgment ruling. At Ronningen's request, the Court has treated the reconsideration motion as a renewed motion for summary judgment and permitted Ronningen to respond accordingly. The facts set forth in this Decision come from (a) the Board's Statement of Material Facts, filed March 2, 2020; (b) Ronningen's Response to Statement of Material Facts, filed April 21, 2020; (c) his Complaint in the Superior Court Action (the "Superior Court Complaint"); (d) a transcript of a May 16, 2019 hearing in the Superior Court Action (as filed in the Superior Court Action); and (e) certified copies of documents from the Superior Court Action, filed in this Court on August 17, 2020. 

[Note 3] While the First Amended Complaint also challenges how the Board provided Ronningen notice of the 2019 Board Decision, and how that Decision described the Board's vote, neither of those challenges (even if successful) would result in this Court vacating in this action the 2019 Building Permit. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.