NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-575

KATHLEEN BELLORADO

vs.

LIBERTY MUTUAL INSURANCE COMPANY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this insurance coverage dispute following an automobile accident, plaintiff Kathleen Bellorado appeals from a summary judgment entered in favor of defendant Liberty Mutual Insurance Company (Liberty), and from an order denying her motion for reconsideration.  Bellorado contends that Liberty (1) waived its right to defend its denial of coverage based on an exclusion in its policy by not pleading that exclusion as an affirmative defense in its answer, and (2) did not meet its burden of proving that the exclusion applies to Bellorado's claim.  We affirm.

Background.  In 2016, while driving a Ford pickup truck owned by his employer, Todd Cunningham rear-ended Bellorado's

vehicle, causing her bodily injury. There is no dispute that Cunningham was at fault. The truck that Cunningham drove was insured under an automobile insurance policy issued by Pilgrim Insurance Company. Cunningham also had an automobile policy with Liberty (policy) on his two personal vehicles, a Porsche and a Honda minivan. The policy contained the standard Massachusetts automobile policy language providing coverage for "Optional Bodily Injury to Others." It stated, in pertinent part:

> "Under this Part, we will pay damages to people injured or killed in accidents if you or a household member is legally responsible for the accident.

> "In addition, we will not pay:

> "3. For injuries resulting from an accident while you or your spouse, if a household member, are using an auto which you or your spouse, if a household member, own or use regularly unless a premium for this Part is shown for that auto on the Coverage Selections Page.

> "5. While anyone is using a vehicle in the course of any business other than the business of selling, servicing, repairing or parking autos."

In 2019, Bellorado's counsel sent a demand letter to Liberty pursuant to G. L. c. 93A and G. L. c. 176D. Liberty responded with a letter denying the claim because the vehicle that Cunningham drove was "not covered with Liberty Mutual." In 2020, Bellorado filed suit. Liberty broadly denied Bellorado's allegations and claims in its answer, but did not assert any

2

particular exclusion to coverage as an affirmative defense.  In 2021, at a deposition in a separate lawsuit filed by Bellorado against Cunningham and his employer, Cunningham testified that it was "typical" for him to use his employer's truck for both personal and business use, and that on the day of the accident he was driving from his house to work.

In 2023, a few weeks before a scheduled pretrial hearing in this action, Liberty provided Bellorado with a copy of Cunningham's automobile policy.  After Bellorado asked Liberty to identify its basis for excluding coverage, Liberty responded that "the coverage denial is based on" the exclusion to coverage for "Optional Bodily Injury to Others" while using "a vehicle in the course of any business other than the business of selling, servicing, repairing or parking autos."  After Bellorado disagreed with that exclusion's applicability, Liberty stated that it would "review the coverage issue further."  A few months later, Liberty moved for summary judgment.  This time, Liberty quoted the regular use exclusion to its coverage for "Optional Bodily Injury to Others," and argued that Bellorado's claims failed because Liberty "cannot afford coverage in an accident where its insured, Cunningham, is driving a vehicle he regularly uses that is not listed on his Liberty Mutual auto policy." Bellorado cross-moved for partial summary judgment.  Following

3

multiple rounds of briefing and a hearing, the judge allowed Liberty's motion for summary judgment, denied Bellorado's cross motion, and declared that Liberty's policy does not provide coverage for Bellorado's claim. Judgment entered dismissing the complaint, and Bellorado's motion for reconsideration was denied.

Discussion. "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'" Juliano v. Simpson, 461 Mass. 527, 529-530 (2012), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).

1. Waiver. Bellorado contends that Liberty waived its right to defend its denial of coverage by not pleading the regular use or any other exclusion as an affirmative defense in its answer. Massachusetts Rule of Civil Procedure 8 (c), 365 Mass. 749 (1974), provides:

> "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

4

As Bellorado points out, a failure to plead an affirmative defense can in some circumstances result in waiver and exclusion of the defense from the case. See Alicea v. Commonwealth, 466 Mass. 228, 236 n.12 (2013), citing Demoulas v. Demoulas, 428 Mass. 555, 575 n.16 (1998); Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471 (1991), citing 5 C.A. Wright & A.R. Miller, Federal Practice & Procedure § 1278, at 477 (2d ed. 1990). Although insurance policy coverage exclusions are not among the affirmative defenses listed in rule 8 (c), Bellorado cites a handful of cases in Massachusetts in which an exclusion has been raised or referred to as an affirmative defense. See, e.g., New England Envtl. Techs. v. American Safety Risk Retention Group, Inc., 738 F. Supp. 2d 249, 254 (D. Mass. 2010); Richardson v. Liberty Mut. Fire Ins. Co., 47 Mass. App. Ct. 698, 699-700 (1999). Bellorado also cites decisions from other jurisdictions holding that an insurer waives its ability to assert an exclusion by failing to plead it as an affirmative defense in its answer. See, e.g., Jones v. Florida Ins. Guar. Ass'n., 908 So.2d 435, 452 (Fla. 2005).

No such categorical rule of waiver has been adopted in Massachusetts. While it is true that an insurer bears the burden of proving an exclusion to coverage, the initial burden is on the insured to prove that "the claimed loss falls within

5

the coverage of the insurance policy." Boazova v. Safety Ins. Co., 462 Mass. 346, 351 (2012). If the insured meets that burden, "the burden then shifts to the insurer to show that a separate exclusion to coverage is applicable." Id. See Dorchester Mut. Ins. Co. v. Miville, 491 Mass. 489, 493 (2023); Whitecap Int'l Seafood Exporters, Inc. v. Eastern Ins. Group, LLC, 97 Mass. App. Ct. 578, 581-582 (2020). Under this burden-shifting framework, the imposition of an inflexible requirement on insurers to plead exclusions as affirmative defenses would be impractical, in part because the asserted basis for coverage may not always be evident from the insured's complaint. Here, Bellorado did not identify a specific basis for coverage by Liberty in her complaint, but rather alleged generally that Liberty "insured" Cunningham "for his negligence which resulted in Bellorado's injuries." To be sure, because the record shows that Bellorado's counsel did not have a copy of Cunningham's policy until he asked Liberty for it two years later, it may have been difficult for Bellorado to state the basis for her claim for coverage with greater precision. Nevertheless, Liberty did not waive its right to assert exclusions under the policy by filing an answer that denied Bellorado's claim at the same level of generality.

Furthermore, even with affirmative defenses subject to rule 8 (c), the key question is, as the judge recognized, whether the defendant provided adequate notice to the plaintiff of the defense.  See NTV Mgt., Inc. v. Lightship Global Ventures, LLC, 484 Mass. 235, 240 (2020).  Massachusetts courts have declined to find waiver where sufficient notice of an unpleaded affirmative defense was provided to the opposing party during litigation.  See, e.g., id. (no waiver where defendants identified during discovery Federal statutes underlying their contention that plaintiff was required to register as broker-dealer); Demoulas, 428 Mass. at 575 n.16 (no waiver where bona fide purchaser defense "was raised by both parties in briefs and at a hearing" in connection with defendant's motion for directed verdict); Bendetson v. Building Inspector of Revere, 36 Mass. App. Ct. 615, 620 n.9 (1994) (no waiver of unpleaded res judicata defense "where the defendant raised the argument in his brief in opposition to the plaintiff's motion for summary judgment, and the plaintiff raised a counter-argument in his reply brief").

Here, Liberty provided Bellorado with adequate notice of its reliance on the regular use exclusion.  After receiving Bellorado's demand letter, Liberty replied with a letter that denied coverage because the vehicle Cunningham drove was "not

7

covered with Liberty Mutual," but rather a "commercial vehicle" for his employer covered by a business commercial policy owned by that company.  Liberty then cited the regular use exclusion in its motion for summary judgment, served on July 3, 2023.  In her initial summary judgment memorandum, Bellorado relied on the policy's general provision of coverage for "Optional Bodily Injury to Others," but did not address the regular use exclusion that Liberty had raised.  Following a hearing, the transcript for which Bellorado has not included in the record,[1] the judge allowed Bellorado to file a supplemental memorandum addressing the regular use exclusion.  In that supplemental memorandum, Bellorado argued both waiver and that the exclusion did not apply to her claim.  Bellorado did not request additional discovery to address the exclusion's applicability.  See Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974).  We conclude that Liberty did not waive its ability to assert the regular use exclusion as a basis for denying Bellorado's claim.

---

[1] It is a "fundamental and long-standing rule of appellate civil practice" that the appellant must include in the appendix all materials that "are essential for review of the issues raised on appeal."  Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). See Mass. R. A. P. 16 (e), as appearing in 481 Mass. 1628 (2019); Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019).

2. Applicability of the regular use exclusion.

"Interpretation of an insurance contract is a pure question of law." Zurich Am. Ins. Co. v. Medical Props. Trust, Inc., 494 Mass. 382, 386-387 (2024), citing Ken's Foods, Inc. v. Steadfast Ins. Co., 491 Mass. 200, 203 (2023). Our task is to "construe the words of the policy in their usual and ordinary sense." Mahoney v. American Auto. Ins. Co., 83 Mass. App. Ct. 677, 679 (2013), quoting Hakim v. Massachusetts Insurers' Insolvency Fund, 424 Mass. 275, 280 (1997). Because Liberty's policy is the standard form automobile liability policy approved by the commissioner of insurance, construction of the policy language "is exempt from the usual construction against the drafter; rather, it is interpreted in its ordinary sense." Oliveira v. Commerce Ins. Co., 94 Mass. App. Ct. 276, 278-279 (2018), quoting Kanamaru v. Holyoke Mut. Ins. Co., 72 Mass. App. Ct. 396, 399 (2008).

In arguing that her claim is covered by Liberty's policy, Bellorado primarily relies on the first sentence of the "Optional Bodily Injury to Others" provision, which states that coverage applies when an insured "is legally responsible for the accident," even if the vehicle driven by the insured is not listed under the policy. As the judge explained, however, even though "the policy does provide coverage for situations where an

9

insured is operating vehicles in addition to vehicles [that] are listed in the policy and would qualify as 'your auto,' this obligation is not without contractual limitations or exclusions listed in that same provision." Specifically, the regular use exclusion denies coverage for injuries resulting from an accident where the insured used a vehicle "which you or your spouse, if a household member, own[s] or use[s] regularly," unless a premium was paid for that vehicle. The purpose of the "Optional Bodily Injury to Others" provision combined with the regular use exclusion is to provide coverage for "occasional and incidental use of other . . . vehicles . . . without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurer without a corresponding increase in the premium." Safety Ins. Co. v. Day, 65 Mass. App. Ct. 15, 20 (2005), quoting Galvin v. Amica Mut. Ins. Co., 11 Mass. App. Ct. 457, 459 (1981). Relevant considerations in applying the regular use exclusion include whether the operator used the vehicle to commute to work, had exclusive use of the vehicle for any significant period, and had unrestricted use of it. Id. at 22.

Liberty met its burden of showing that the regular use exclusion applies to Bellorado's claim. See Boazova, 462 Mass. at 351. At his deposition in the related case (the

10

admissibility of which Bellorado did not contest), Cunningham testified that he had worked for thirty-five years at a company owned by his parents.  He testified that it was "typical" for him to use his employer's vehicle, and that he used the vehicle for both personal and business purposes.  On the day of the accident, Cunningham was driving from his house to work.  These undisputed facts established that Cunningham used the vehicle on a consistent and frequent basis.[2]  See Safety Ins. Co., 65 Mass. App. Ct. at 21-22.  See also Turner v. Aetna Cas. & Sur. Co., 36 Mass. App. Ct. 921, 923 (1994) ("frequent [and] systematic" use of vehicle as passenger or driver constituted regular use under exclusion).

Citing Galvin, 11 Mass. App. Ct. at 459, Bellorado contends that the regular use exclusion applies only where "members of a family may have two or more automobiles actually or potentially used, but only insure one automobile."  In Galvin, supra at 459-462, however, we held that the exclusion precluded coverage under a personal auto policy to a police officer who was

---

[2] For similar reasons, we reject Bellorado's argument that the vehicle qualified as "your auto" under the policy because it was "used as a temporary substitute for" Cunningham's listed vehicles (the Porsche and the Honda minivan) while they were "out of normal use because of a breakdown, repair, servicing, loss or destruction."  Bellorado did not present any evidence showing that, on the day of the accident, Cunningham was using his company's truck as a temporary substitute or that his covered vehicles were out of normal use.

11

involved in a collision while operating one of a fleet of police cruisers available to him at work.  We are similarly unpersuaded by Bellorado's reliance on cases from other jurisdictions holding that the regular use exclusion does not apply to the personal use of work vehicles.  Because Bellorado did not present any evidence disputing that Cunningham regularly used his employer's vehicle for both personal and business purposes, the judge properly concluded that the exclusion applies, allowed Liberty's motion for summary judgment, and dismissed Bellorado's claims.

Judgment affirmed.

Order denying motion for
  reconsideration affirmed.

By the Court (Blake, C.J.,
  Hodgens & Toone, JJ.[3]),

Clerk

Entered:  April 24, 2025.

---

[3] The panelists are listed in order of seniority.